1  ROBERT E. NICHOLS (SBN 100028)
2  3060 El Cerrito Plaza, Number 316
   El Cerrito, California 94530
3  Telephone: (510) 423-3280
   renichols01@comcast.net
4
5  *Attorney for Plaintiff,*
   *The Lions Club of Albany, California*
6
7
8              UNITED STATES DISTRICT COURT
9            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11
12  **THE LIONS CLUB OF ALBANY,**        Case No.
    **CALIFORNIA,** A Nonprofit Corporation,
13                                        **COMPLAINT FOR DAMAGES,**
                     **Plaintiff,**       **PUNITIVE DAMAGES, AND**
14                                        **INJUNCTIVE RELIEF**
15        v.                              **DEMAND FOR JURRY TRIAL**

16  **THE CITY OF ALBANY**, a Charter City;   **1.Violation of Fourteenth Amendment**
    **LANCE CALKINS,** in his personal and official   (Due Process 42 USC § 1983,1988)
17  capacities as Fire Chief of the City of Albany;   **2.Violation California Constitution Art. I §7**
    **JEFF BOND,** in his personal and official   (Due Process)
18  capacities as Community Development Director   **3.Violation of Fourteenth Amendment**
    of the City of Albany; **PENELOPE LEACH**   (Equal Protection – Religious Discrimination)
19  **CRUMPLEY,** in her personal and official   (42 USC § 1983,1988, 2000cc)
    capacities as City Manager of the City of Albany;   **4.Violation Cal. Constitution Art. I §§ 4, 7**
20  **PETER MAASS,** in his personal and official   (Equal Protection - Discrimination)
    capacities as City Councilmember of the City of   **5.Violation California Law**
21  Albany; ROCHELLE **A. NASON,** in her   ( Interference with Easement)
    personal and official capacities as City   **6.Violation California Law**
22  Councilmember of the City Albany; and **DOES** 1   (Taking Property without Compensation)
    through 50;                           **7.Violation of First Amendment**
23                                        (Free Speech-42 U.S.C. §§1983, 1988)
24                                        **8.Violation Cal. Constitution Art. I § 2**
                     **Defendants.**      (Free Speech)
25                                        **9.Violation First Amendment**
26                                        (Freedom of Religion 42 USC § 1983,1988);
27                                        **10. Violation California Constitution Art. I §4**
                                            Violation of Free Exercise of Religion
28
         Plaintiff, The Lions Club of Albany, California, alleges as follows:

                                        1

**COMPLAINT**

**PARTIES**

1.      The Lions Club of Albany, California, is a nonprofit corporation with its agent for service of process located in El Cerrito, California. The Lions Club of Albany, California, (Hereafter Lions Cub) is a public service organization chartered by Lions Clubs International.

2.      Plaintiff is informed and believes that Defendant, City of Albany, and is a municipal entity with the capacity to sue and be sued. The City of Albany is a charter city organized pursuant to the Constitution and laws of the State of California, and located in Alameda County, California.

3.      Plaintiff is informed and believes that Defendant Lance Calkins, sued in both his personal and official capacity, is a natural person, a citizen of the United States and a resident of the state of California who at all times relevant herein, was acting under the color of state law as the Fire Chief of the City of Albany.

4.      Plaintiff is informed and believes that Defendant Jeff Bond, sued in both his personal and official capacity, is a natural person, a citizen of the United States and a resident of the state of California, who at all times relevant herein, was acting under the color of state law as the Community Development Director of the City of Albany.

5.      Plaintiff is informed and believes that Defendant Penelope Leach Crumpley, sued in both her personal and official capacity, is a natural person, a citizen of the United States and a resident of the state of California, who at all times relevant herein, was acting under the color of state law as the City Manager of the City of Albany.

6.      Plaintiff is informed and believes that Defendant Peter Maass, sued in both his personal and official capacity, is a natural person, a citizen of the United States and a resident of Albany, California who at all times relevant herein was acting under the color of state law as a member of the City Council and the Mayor of the City of Albany.

7.      Plaintiff is informed and believes that Defendant Rochelle A. Nason, sued in both her personal and official capacity, is a natural person, a citizen of the United States and a resident of Albany, California who at all times relevant herein was acting under the color of state law as a member of the City Council of the City of Albany.

**COMPLAINT**

8.     Plaintiff is informed and believes that Defendant Rochelle Nason attended law school at Hastings College of Law, San Francisco.

9.     Plaintiff is informed and believes that Defendant Rochelle Nason was admitted to the State Bar of California on December 11, 1987, and became an inactive member on February 2, 2015.

10.    The identities and capacities of Defendants Does 1 through 50 are presently unknown to Plaintiff, and on this basis, Plaintiff sues these Defendants by fictitious names. Plaintiff will amend the Complaint to substitute the true names and capacities of the DOE Defendants when ascertained.  Plaintiff is informed, believes, and thereon alleges that DOES 1 through 50 are, and were at all times relevant herein, employees and or agents of Defendant City of Albany and are responsible for the acts and omissions complained of herein.  Defendants Does 1 through 50 are sued in both their official and individual capacities.

## JURISDICTION

11.    This is a civil action seeking damages and injunctive relief for acts committed by Defendants under color of state law for deprivation of due process, equal protection, interference with the right of free speech, and interference with the free exercise of religion, pursuant to 42 U.S.C. §§1983, 1988 and, 2000cc. Jurisdiction over these claims is vested in this Court by 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction over Plaintiff's state constitutional and state law claims related to the claims within the original jurisdiction of this Court is pursuant to 28 U.S.C. §1367.

## VENUE

12.    Venue is proper in the Northern District of California, pursuant to 28 U.S.C. §1391 because all or substantial part of the events giving rise to this action occurred in Alameda County, California and because all Defendants are residents of the state of California.

## STATEMENT OF FACTS

13.    In or about 1971, Plaintiff constructed on real property owned by Lions Club Member Hubert F. Call and his wife Ruth Call an electrically illuminated steel and Plexiglass Cross on the east side of Albany Hill above Taft Street in the City of Albany. The cross stands

3

**COMPLAINT**

approximately 20 feet high and is firmly anchored in a permanent concrete base. When illuminated the Cross is visible from most areas of the city but, at night when the Cross is not lighted, it is completely obscured by darkness and is not visible almost anywhere in the city.

14.     On August 17, 1973, Hubert and Ruth Call granted to the Lions Club an easement for ingress, egress and to maintain the Lions' Cross standing on the Call property on Albany Hill.

15.     Since its construction Plaintiff has regularly illuminated the cross during the Christmas and Easter holiday seasons and on other special occasions.

16.     Plaintiff is informed and believes and based upon such information and belief alleges that on August 17, 1973,  Hubert and Ruth Call sold to Cebert Properties, Inc.,  an agent of Interstate General Corporation, the Albany Hill property including the property upon which the Cross was located and more particularly described as Lots 1 through 18, in Block 8, as shown on a plat of Cerrito Hill, Alameda County, California, filed in the office of the Recorder of said county on May 13, 1909, in Map Book 24, Page 70;  excepting there from that portion thereof conveyed to the City of Albany, A Municipal Corporation, by Deed dated August 29, 1960, Recorded January 4, 1961, under Recorder's Series No. AS/637, Alameda County Records.

17.     Plaintiff is informed and believes and based upon such information and belief alleges that Cebert Properties, Inc., and its principal, Interstate General Corporation knew the Call property was or would be burdened by the easement for the Lions' Club Cross at the time of its purchase.

18.     Plaintiff is informed and believes and based upon such information and belief alleges that on or about August 21, 1973, the Albany City Council adopted a resolution accepting the donation of the former Call property from Cebert Properties, Inc.

19.      Plaintiff is informed and believes and based upon such information and belief alleges that the City of Albany accepted, acknowledged, acquiesced and permitted the Albany Lions Club's exercise of its easement on the former Call property after the property was acquired by the City in 1973, until September 1, 2016.

20.     Plaintiff is informed and believes and based upon such information and belief alleges that at all times prior to September 1, 2016, the City of Albany recognized the Lions Club

4

**COMPLAINT**

easement and permitted the Club and its members unhindered access to the Albany Hill property including access to illuminate the Cross; to maintain the cross; and to conduct Lions Club sponsored events such as Sunday Easter Services at the site of the Cross.

21.     Plaintiff is informed and believes and based upon such information and belief alleges that the City of Albany provided the Albany Lions Club with a means of unlocking the gate on the north end of the property that restricts vehicle access to the property to all but City of Albany and Lions Club vehicles.

22.     Plaintiff is in formed and believes and upon such information and belief alleges that in November 2015, a group calling themselves the "East Bay Atheists" contacted the City of Albany objecting to the Cross resting on City property; and claiming the Cross was structurally unsound and, that the utility line connected to the Cross was dangerous.

23.     Plaintiff is informed and believes and based upon such information and belief alleges that in November 2015, the City investigated the East Bay Atheist claims and found the Cross to be structurally sound, but, the City expressed concerns regarding the safety of the electrical service line between the pole and the top of the cross because it ran through the branches of a tree.

24.     Up to and including the date of the filing of this law suit, the City has failed and refused to identify any statute, code, regulation or other law that prohibits utility lines from passing through the branches of trees.

25.     Despite the lack of statutory or regulatory authority, on or about November 24, 2015, Defendant Jeff Bond, the Community Development Director, demanded the Lions Club have the electrical line to the Cross disconnected by the end of December 2015, or the City would "initiate formal proceedings under the Uniform Code for the Abatement of Dangerous Buildings, and/or other applicable laws to abate this public nuisance and achieve compliance with applicable codes."

26.     On December 10, 2015, the Lions Club responded to Defendant Bond's demand and advised Bond that the electrical utility company, PG&E, was responsible for the repair and maintenance of the utility line from the pole to the point of connection with the Cross's electrical

5

**COMPLAINT**

1    service.

2        27.    The Lions Club was not responsible for the utility line to the Cross, therefore

3    Plaintiff refused to comply with Defendant Bond's disconnection demand and refused to

4    authorize or permit the disconnection of the electrical line to the Cross.

5        28.    No proceedings under the Uniform Code for the Abatement of Dangerous

6    Buildings or any other administrative, judicial or quasi-judicial proceedings were ever noticed or

7    commenced by the City of Albany or any other governmental entity against the Lions Club for

8    any utility line or structural matter related to the Cross.

9        29.    The December 10, 2015, letter to Defendant Bond from the Lions Club also

10   expressed concern that Bond and the City of Albany had singled out the Lions' Cross

11   because it is a religious symbol. Defendant Bond was told that utility lines in the City are

12   frequently observed passing through tree branches yet the city had taken no action against any

13   other residents or businesses for this perceived violation.

14       30.    Plaintiff is informed and believes and upon such information and belief alleges that

15   at all times herein relevant, at various locations throughout the City of Albany, electrical utility

16   lines are permitted to pass through tree branches and are permitted to be supported by trees.

17       31.    Plaintiff is informed and believes and upon such information and belief alleges that

18   the City of Albany has never taken action against any resident or business in the City of Albany

19   for utility lines passing through tree branches or supported by trees except for the Lions' Cross.

20       32.    On February 1, 2016, the Albany City Council conducted a public hearing

21   concerning the Lions' Cross. The members of the City Council unanimous expressed the desire

22   that the Lions Cross be removed.

23       33.    At the public hearing Council Member Nason admitted the Lions' Cross conveys

24   "a message, a religious message." but nonetheless concurred with the Council that the Cross

25   should be removed from the property.

26       34.    On or about February 4, 2016, Defendants Maass and Nason attended a regular

27   meeting of the Lions Club and expressed the City's dissatisfaction with the Cross because it is a

28   religious symbol. Defendants stated that the City wished the Cross removed from Albany Hill and

6

**COMPLAINT**

1   the Lions Club's easement relinquished to the City.

2       35.     Defendants Maass and Nason stated that they had been advised by the City

3   Attorney that the Lions Club's easement was in fact a property right and that the Lions' Cross

4   could not be removed without the Lions Club's consent.

5       36.     At no time during the above referenced visit of Defendants Maass and Nason any

6   further problem with the Cross's utility line mentioned.

7       37.     Plaintiff is informed and believes and upon such information and belief alleges that

8   Defendants Maass and Nason attempted to persuade the Lions Club to give or donate the Cross to

9   the City and relinquish the easement offering only token consideration.

10      38.     Plaintiff is informed and believes and upon such information and belief alleges that

11  Defendants, City of Albany, Maass and Nason did not comply or attempt to comply with the

12  procedural safeguards for the acquisition of property set out in California Government Code

13  Sections 7267 *et. seq.*

14      39.     Plaintiff is informed and believes and upon such information and belief alleges that

15  the City of Albany never took any action to acquire the Lions Cross and easement by eminent

16  domain.

17      40.     Plaintiff is informed and believes and upon such information and belief alleges that

18  on August 16, 2016, having failed to obtain the Lions Club's agreement and acquiescence to the

19  removal of the Cross and relinquishment of the easement, Defendants, Crumpley, Maass and

20  Nason met at the Lions Cross on Albany Hill and discussed a plan to disconnect the electrical

21  utility service to the Lions Club's Cross.

22      41.     Plaintiff is informed and believes and upon such information and belief alleges that

23  Defendants Crumpley, Maass and Nason anticipated and believed that the disconnection of the

24  electrical utility service to the Cross would prevent the Lions Club from illuminating the

25   Cross would ultimately force the Lions Club to relinquish the Cross and easement to the City.

26      42.     Plaintiff is informed and believes and upon such information and belief alleges that

27  on or about August 16, 2016, Defendant City Manager Penelope Leach Crumpley met with

28  Defendants Albany Fire Chief Lance Calkins and Albany Community Development Director Jeff

7

**COMPLAINT**

1   Bond to pursue the disconnection of utility service to the Lions Cross.

2       43.    Plaintiff is informed and believes and upon such information and belief alleges that

3   on or about August 22, 2016, Defendant Calkins acting under color of state law as the Fire Chief

4   of the City of Albany contacted officials at the Pacific Gas and Electric Company (hereafter

5   PG&E) to discuss disconnecting the electrical utility service to the Lions Club's Cross.

6       On August 31, 2016, Defendant Calkins again contacted PG&E and requested that

7   the utility service to the Cross be disconnected on that day. Calkins told PG&E officials, "I am

8   meeting with my City Manager who is going to give the City Council an update."

9       44.    Plaintiff is informed and believes and upon such information and belief alleges that

10  on or about September 1, 2016, Defendant Calkins while acting under color of state law as the

11  Fire Chief of the City of Albany did willfully and intentionally make false, untrue, deceptive and

12  misleading statements to PG&E with the specific intent that PG&E disconnect the electrical

13  utility service to the Lions' Cross.

14      45.    Plaintiff is informed and believes and upon such information and belief alleges that

15  on or about September 1, 2016, PG&E, disconnected the electrical utility service to the Lions

16  Club's Cross pursuant to the request of Defendant Calkins.

17      46.    The Lions Club was not provided with a prompt and specific notice that would

18  have allowed the Lions Club sufficient time to protect its interest prior to the disconnection of

19  electrical utility service to the Lions' Cross.

20      47.    The Lions Club was not provided with any opportunity for a due process hearing

21  prior to the disconnection of electrical utility service to the Lions' Cross.

22      48.    Plaintiff is informed and believes and upon such information and belief alleges that

23  Defendants Calkins, Bond, Crumpley, Maass, and Nason maliciously, intentionally, recklessly

24  and with callous indifference to Lions Club's constitutionally protected due process rights did

25  take, restrict, disrupt, interfere with and deprive the Lions Club of the use and enjoyment of the

26  Lions Cross and easement without due process of law.

27      49.    Plaintiff is informed and believes and upon such information and belief alleges that

28  Defendant Crumpley as the City Manager of Defendant City of Albany acted in accordance with

**COMPLAINT**

the expressed City policy to remove the Cross and force the relinquishment of the Lions easement. Defendant Crumpley knew of, approved, condoned and took no action to prevent Defendants Calkins and Bond from causing PG&E to disconnect the electrical utility service to the Lions' Cross without due process of law.

50.     On or about September 1, 2016, the Lions Club wrote a letter to Defendants Bond and Calkins with a copy to Defendant Crumpley reminding the City that on December 10, 2015, the Lions Club had demanded the City provide a due process before any disconnection of service to the Cross occurred.

51.     On September 6, 2016, Defendant Crumpley responded to the September 1, 2016, letter impliedly refusing to provide a due hearing and stated, "We have scheduled a closed session with the City Council on October 3 to discuss the legal issues raised in your letters and possible next steps.  Electrical power to the cross was temporarily disconnected on September 1. The City remains interested in seeking an amicable resolution of this dispute."

52.     On or about September 7, 2016, Plaintiff dispatched a letter by electronic mail and U.S. Mail to Defendant Crumpley advising that Defendants' actions constituted a taking of property without due process of law and without compensation, in violation of the 5th and 14th Amendments of the United States Constitution and Article 1 Sections 7, and 19 of the California Constitution.

53.     The September 7, 2016, letter also advised the Defendant Crumpley that the City's actions constituted interference with the exercise of free speech and religion in violation of the 1st and 14th Amendments to the United States Constitution; and, Article I, Sections 2 and 4 of the California Constitution.

54.     Plaintiff is informed and believes and upon such information and belief alleges that on or about September 7, 2016, the Lions Club's letter notified and informed Defendant Crumpley that the actions of Defendants Calkins and Bond had violated Lions Club's constitutionally protected due process rights, right of free speech and free exercise of religion under the United States constitution and the Constitution of the State of California.

//

**COMPLAINT**

55.     Plaintiff is informed and believes that on or after September 7, 2016, Defendant Crumpley knew of the deprivation of Plaintiff's constitutional rights and intentionally, recklessly maliciously, and with callous indifference to the unlawful the actions of Defendants Calkins, Bond and Crumply took no action to provide Plaintiff due process required under the United States and California Constitutions.

56.     Plaintiff is informed and believes and upon such information and belief alleges that on or about October 3, 2016, the Albany City Council, including Defendants Maass and Nason met in closed session and were notified and advised by the Lions Club letter of September 7, 2016, that Defendants Calkins and Bonds had caused the electrical utility service to the Lions' Cross to be terminated thereby deprived the Lions Club of the use and enjoyment of the Cross and the easement without due process of law.

57.     Plaintiff is informed and believes and upon such information and belief alleges that on and October 3, 2016, the Albany City Council including Defendants Mayor Maass, Councilmember Nason and City Manager Crumpley knew the actions of Defendants Calkins and Bond deprived the Lions Club of the use and enjoyment of the Lions Cross without due process of law.

58.     Plaintiff is informed and believes and upon such information and belief alleges that Defendants, City of Albany, Maass, Nason, and Crumpley intentionally, recklessly maliciously, and with callous indifference the rights of the Lions Club, approved, permitted and authorized the continued actions of Defendants Calkins and Bond taking and depriving the Lions Club of its easement and use of the Cross and denying the Lions Club due process required under the United States and California Constitutions.

59.     On October 19, 2016, a letter on behalf of Defendant City of Albany was received ignoring the Lions Club's demand for a legally adequate and specific due process notice and a due process hearing to dispute whatever basis Defendant City of Albany was claiming as the authority for disconnection of the electrical utility service.

60.     On November 10, 2016, the Albany Lions Club was forced to retain legal counsel to contest the City of Albany's unlawful actions, and to take actions to have the electrical utility

**COMPLAINT**

service reinstated.

61.     On November 17, 2016, Plaintiff filed a claim against Defendants the City of Albany, Penelope Leach Crumpley, Lance Calkins, Jeff Bond, Peter Maass and Rochelle Nason pursuant to the California Government Code.

62.     On or about November 18, 2016, Defendant Nason issued a public statement expressing the City's plan for removal of the cross stating, "[T]he Albany City Council (including me) would like to replace it [the cross] with something nonsectarian.  We envision a site that could still be used for Easter services and other Christian and non-religious purposes."

63.     On November 19, 2016, Defendant Nason stated, "I am about to be sued by the Albany Lions Club for advocating that the cross on Albany Hill be replaced by a nonsectarian substitute site that would be appropriate for use by non-Christians and non-religious people as well as Christians."

64.     On November 19, 2016, Defendant Nason made a statement to the public explaining the City's actions against the Lions Club Cross and easement saying, "We are trying to get the Albany Lions to talk to us, in interest-based discussions to see if we can work out a solution that addresses their legitimate concerns and the city's too."

65.     Plaintiff is informed and believes and upon such information and belief alleges that Defendants Nason, Maass, Crumpley, Calkins, Bond and the City of Albany disconnected the electrical utility service without due process in an attempt to force the Lions Club to relinquish its easement and remove the Cross.

66.     Plaintiff is informed and believes and upon such information and belief alleges that Defendant Nason's statements establish a City policy of intentional, malicious, recklessly and callous indifference to Lions Club's constitutionally protected rights including due process, equal protection, free speech and free exercise of religious in violation of the United States Constitution and the Constitution of the State of California.

67.     On or about December 14, 2016, Defendant Calkins admitted that PG&E is and was responsible for addressing the issues related to an electrical service line providing electrical power to the Lions' Cross.

**COMPLAINT**

68.     On or about December 15, 2016, Defendant Calkins admitted that the utility, PG&E, accepted responsible for maintenance of the utility line to the Lions' Cross.

69.     On December 15, 2016, electrical power was restored to the Lions' Cross but inclement weather prevented the illumination of the Cross until on or about December 18, 2016.

70.     The Albany Lions Club is not and was not responsible for the maintenance of the utility line and at no time relevant herein took any action to repair, replace, or reconstruct the utility line prior to the reestablishment of service by PG&E, except to repeatedly demand the City reinstate service.

71.     On December 16, 2016, after the electrical utilities had been restored to the Cross, the Albany City Council including Defendants Maass and Nason issued a public statement saying, in part, "[T]he City Council feels the presence of the cross in the public park is inappropriate. . . The presence of the cross in the public park is at odds with the inclusive values the City encourages and the City will continue to explore all options for its removal."

72.     The actions of Defendants, and each of them, took, limited, restricted, disrupted, interfered with and deprived the Lions Club of the use of the Cross and the use of its easement from September 1, 2016, through and including December 17, 2016, a period of 108 days.

73.     During the period September 1, 2016 through December 18, 2016, the Albany Lions Club was charged and paid utility fees to PG&E to retain the electrical service to the Cross despite the disconnection of electrical service to the Cross.

74.     The actions of the Defendants. and each of them, in causing the disconnection of utility service to the Cross prevented the Albany Lions Club from lighting the Cross on September 11, 2016, in recognition of the fifteenth anniversary of those citizens who lost their lives in the September 11, terror attacks on America.

75.     The actions of the Defendants, and each of them, in causing the disconnection of utility service to the Cross prevented the Albany Lions Club from lighting the Cross on December 7, 2016, in memory of the 75th Anniversary of attack on Pearl Harbor.

//

**COMPLAINT**

76.     The actions of the Defendants, and each of them, in causing the disconnection of utility service to the Cross prevented the Lions Club from lighting the Cross for the Christmas Holidays beginning December 15, 2016, through December 17, 2016.

77.     The actions of Defendants forced the Albany Lions Club to incur the expense of retaining legal counsel to reinstate utility service to the Cross, to defend the Lions Club property easement, to prevent the City of Albany from taking, limiting, restricting, disrupting, and interfering with the use and enjoyment of the Lions Club's easement and to prevent the City of Albany from hampering, interfering and deprivation of the Lions Club of its rights of free speech and free exercise of religion.

78.     A permanent injunction is necessary to prevent Defendants from attempting to take, limit, restrict, disrupt, and interfere with the use and enjoyment of the Lions Club's easement and to prevent Defendants from hampering, interfering and depriving the Lions Club of its rights of free speech and free exercise of religion.

79.     On January 9, 2017, the City of Albany denied the Lions Club's claim for damages.

80.     Plaintiff and Defendants entered into an agreement to toll any and all applicable statutes of limitation in this matter.   As a result of that tolling agreement, the time for commencing this action was extended and did not lapse during the period June 6, 2017 through and including September 15, 2017; and said period is validly included as within the statutory time for commencing this action.

**FIRST CAUSE OF ACTION**

**Violation of the 14th Amendment of the United States Constitution**

**(Due Process - 42 USC §1983, 1988)**

81.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

82.     Plaintiff is informed and believes and based upon such information and belief alleges that on or about September 1, 2016 through December 17, 2016, Defendants, Calkins, Bond, Crumpley, Maass and Nason acting under color of state law did take, limit, restrict, disrupt,

13

**COMPLAINT**

interfere with and deprive the Lions Club of property, to wit, the use and enjoyment of the Cross on Albany Hill and the use of Lions Club's easement, without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

83.    Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, Calkins, Bond, Crumpley, Maass and Nason took, limited, restricted, disrupted, interfered with and deprived the Lions Club of their property and property rights to use and enjoyment of the Cross on Albany Hill and the use of Lions Club's easement, without due process of law, and with malicious, oppression, reckless disregard and callous indifference of the Plaintiff's rights.

84.    Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, Crumpley, Maass and Nason, acting under color of state law, supervised and directed Defendants Calkins and Bond and knew or reasonably should have know that the conduct and acts of Calkins and Bond would result in the taking, interference and deprivation of Plaintiff's property without due process of law.

85.    Plaintiff is informed and believes and based upon such information and belief alleges that Defendants Calkins, Bond, Crumpley, acted under color of state law pursuant to a policy established by the Albany City Council and Defendants Maass and Nason to cause the removal of the Lions Cross on Albany Hill by taking, limiting, restricting, interfering with and depriving the Lions Club of access, use and enjoyment of the Cross and easement without due process of law.

86.    Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, and each of them, caused the Lions Club to incur and pay utility expenses for the electricity to the Lions Cross on Albany Hill resulting in pecuniary loss and damages.

87.    Defendants, and each of them, directly and proximately caused the Lions Club to incur attorney fees and costs necessary to reestablish electrical utility service to Lions Cross.

88.    Defendants, and each of them, deprived the Lions Club of the full use and enjoyment of the Cross and the Lions Club easement for a period of 108 days.

//

14

**COMPLAINT**

89.     Defendants, and each of them, directly and indirectly prevented and deprived the Lions Club from illuminating and displaying the Cross on no less than five separate days thereby depriving Plaintiffs of the use and enjoyment of the Cross.

90.     Plaintiff is informed and believes and based upon such information and belief alleges Defendants, and each of them, will continue their efforts to take and deprive Plaintiff of its property rights to the Cross and its easement unless enjoined by an order of this court.

## SECOND CAUSE OF ACTION

### Interference with Rights Secured by the California Constitution Article I, Section7

### (Right to Due Process)

91.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

92.     Article I, Section 7 of the California Constitution provides in pertinent part, "A person may not be deprived of life, liberty, or property without due process of law."

93.     Plaintiff is informed and believes and based upon such information and belief alleges that on or about September 1, 2016, through December 17, 2016, Defendants, City of Albany, Calkins, Bond, Crumpley, Maass and Nason did take, limit, restrict, disrupt, interfere with and deprive the Lions Club of property, to wit, the use and enjoyment of the Cross on Albany Hill and the use of the Lions Club's easement for use and maintenance of the Cross, including electrical utility service, without due process of law.

94.     Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, Calkins, Bond, Crumpley, Maass and Nason were guilty of oppression, fraud and malice in the taking, limiting, restricting, disrupting, interfering with and depriving the Lions Club of their property and property rights without due process of law.

## THIRD CAUSE OF ACTION

### Violation of the Fourteenth Amendment to the United States Constitution

### (Equal Protection / Religious Discrimination - 42 USC §1983, 1988 and 2000cc (b))

95.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

**COMPLAINT**

96.     Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, City of Albany, Calkins, Bond, Crumpley, Maass and Nason acting under color of state law did cause and direct the electrical utility service to the Cross to be disconnected.

97.     Plaintiff is informed and believes and based upon such information and belief alleges that the actions of Defendants, City of Albany, Calkins, Bond, Crumpley, Maass and Nason, in disconnecting of electrical utility service to the Lions Cross, were a motivated and caused by Defendants' objection to the Cross as Christian religious symbol and constituted a denial of equal protection under the law.

98.     Plaintiff is informed and believes and based upon such information and belief alleges that Defendants' actions in depriving the Lions Club of property, to wit, the use and enjoyment of the Lions Cross on Albany Hill were undertaken with malicious, oppressive and reckless disregard and callous indifference of the plaintiff's rights.

99.     Plaintiff is informed and believes and based upon such information and belief alleges that Defendants' actions constitute religious discrimination in violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

100.     Plaintiff is informed and believes and based upon such information and belief alleges that Defendants motivated by their religious disapproval of the Cross refused to reinstate electrical utility service for 108 days.

101.     Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, motivated by their religious disapproval of the Cross, refused to reinstate electrical utility service thereby preventing the Lions Club from illuminating and displaying the Cross on no less than five occasions.

## FORTH CAUSE OF ACTION

**Interference with Rights Secured by the California Constitution Article I, Section 4, 7**

**(Equal Protection / Religious Discrimination)**

102.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

//

16

**COMPLAINT**

103.     Article I, Section 4 of the California Constitution provides in part, "Free exercise and enjoyment of religion without discrimination or preference are guaranteed."

104.     Article I, Section 7 of the California Constitution provides in part, "A person may not be . . . denied equal protection of the laws."

105.     Plaintiff is informed and believes and based upon such information and belief alleges that on or about September 1, 2016, through December 17, 2016, Defendants, City of Albany, Calkins, Bond, Crumpley, Maass and Nason being motivated for their disapproval of a Christian religious symbol did take, interfere with and deprive the Lions Club of property, to wit, the use and enjoyment of the Cross on Albany Hill and the use of the Lions Club's easement for use and maintenance of the Cross, including electrical utility service in violation of the California Constitution.

106.     Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, Calkins, Bond, Crumpley, Maass and Nason were guilty of oppression, fraud and malice in the taking, limiting, restricting, disrupting, interfering with and depriving the Lions Club Cross because it is a Christian religious symbol in violation the equal protection provisions of the California Constitution

**FIFTH CAUSE OF ACTION**

**Violation of California Law**

**(Unlawful Interference with Easement)**

107.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

108.     Defendants, City of Albany, Calkins, Bond, Crumpley, Maass and Nason, and each of them, had actual and constructive knowledge of the Lions Club's ownership of the Cross and Cross easement.

109.     Plaintiff is the dominant tenement and is entitled to enforce the easement against Defendant, the City of Albany.

110.     Plaintiff is informed and believes and upon such information and belief alleges that on or about September 1, 2016, Defendants, and each of them, did willfully and intentionally,

17

**COMPLAINT**

cause employees and representatives of PG&E to disconnect the electrical utility service to the Lion's Cross.

111.   Plaintiff is informed and believes and upon such information and belief alleges that on and after September 1, 2016, Defendants, refused to allow the reestablish of utility service to the Lions' Cross until December 15, 2016.

112.   Defendants' actions in causing the disconnection of electrical utility service to the Lions' Cross constituted a taking, limiting, restricting, disrupting, and interfering with the use and enjoyment of the Lions Club's property easement.

113.   Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, Calkins, Bond, Crumpley, Maass and Nason were guilty of oppression, fraud and malice in the taking, limiting, restricting, disrupting, interfering with and depriving the Lions Club of their property and property rights

114.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered pecuniary losses and damages including the loss of use of the electrically lighted Cross, monthly utility charges and attorney fees.

115.   Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants have publically expressed their disapproval of the Lions' Cross and the desire for its removal, that Defendants, and each of them, will continue to take, limit, restrict, disrupt, hamper and interfere with Lions Club's property easement including the lighting of the Cross unless the Court grants injunctive relief.

116.   Plaintiff has no adequate remedy at law because monetary damages will not afford adequate relief against Defendants future unlawful taking and interference with the Lions Club's property rights.

## SIXTH CAUSE OF ACTION

### Violation of California Law

### (Unlawful Taking of Property without Compensation)

117.   Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

**COMPLAINT**

118.     Article I Section 19 of the California Constitution prohibits the taking or damaging of private property except when just compensation, ascertained by a jury, has first been paid to, or into court for, the owner.

119.     Plaintiff is informed and believes and upon such information and belief alleges that beginning on or about September 1, 2016, and ending December 18, 2016, Defendants, and each of them, did willfully and intentionally cause employees and representatives of PG&E to disconnect the electrical utility service to the Lion's Cross.

120.     Plaintiff is informed and believes and upon such information and belief alleges that on and after September 1, 2016, Defendants, refused to allow the reestablish of utility service until December 15, 2016, thereby taking, and depriving the Lions Club of the full use and enjoyment of the Lions Club's property easement including but not limited to the right to the ingress and egress of electrical service; and the illumination of the Lions' Cross without any compensation.

121.     Plaintiff is informed and believes and based upon such information and belief alleges that Defendants, Calkins, Bond, Crumpley, Maass and Nason were guilty of oppression, fraud and malice in the taking, limiting, restricting, disrupting, interfering with and depriving the Lions Club of their property and property rights

122.     As a direct and proximate result of Defendants' actions Plaintiff has suffered pecuniary losses and damages including the loss of use of the electrically lighted Cross, monthly utility fees and attorney fees.

123.     Defendants, and each of them, took or caused the taking and damaging of Plaintiff's lawful easement for the Lions' Cross without, first, paying just compensation.

124.     Plaintiff is informed and believes, and on that basis alleges, that Defendants have publically expressed their disapproval of the Lions' Cross and the desire for its removal.

125.     Plaintiff is informed and believes, and on that basis alleges, that Defendants, and each of them, will continue to take, damage, limit, restrict, disrupt, hamper and interfere with Lions Club's property easement including the lighting of the Cross without providing compensation unless enjoined by the Court.

**COMPLAINT**

126.     Plaintiff has no adequate remedy at law because monetary damages will not afford adequate relief against Defendants have and continue to express their intentions to unlawful take, damage and interfere with the Lions Club's easement for the Cross.

## SEVENTH CAUSE OF ACTION

**Violation of the First Amendment to the United States Constitution**

**(Free Speech - 42 USC §1983, 1988 )**

127.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

128.     Since 1971, the illumination and display of the Lions' Cross on Albany Hill prior to Christmas, Easter and on special occasions is and has been an act of free speech implicitly communicating traditional messages associated with the religious holidays and memorial of certain national events.

129.     Plaintiff is informed and believes and upon such information and belief alleges that Defendants Calkins, Bond, Crumpley, Maass and Nason knew and understood the regular lighting and display of the Lions' Cross was a constitutionally protected form of free speech.

130.     Plaintiff is informed and believes and based upon such information and belief alleges that on or about September 1, 2016, Defendants, City of Albany, Calkins, Bond, Crumpley, Maass and Nason acting under color of state law and with malicious, oppressive and reckless disregard and callous indifference of the plaintiff's rights caused the electrical utility service to the Lions' Cross be terminated thereby preventing Plaintiffs from displaying the Cross and communicating its implicit holiday message.

131.     Plaintiff is informed and believes and based upon such information and belief alleges that beginning September 1, 2016, Defendants, City of Albany, Calkins, Bond, Crumpley, Maass and Nason acting under color of state law and with malicious, oppressive and reckless disregard and callous indifference failed and refused to allow the electrical utility service to be reconnected until December 15, 2016, thereby preventing the Lions Club from illuminating and displaying the Lions Cross on September 11, 2016, December 7, 2016, and from December 15, 2016, through December 18, 2016.

20

**COMPLAINT**

132.     Plaintiff is informed and believes and based upon such information and belief alleges that dislike and opposition to the religious Cross by Defendants, City of Albany, Maass and Nason was a substantial and motivating factor in the in the actions and conduct of Defendants Calkins, Bond, Crumpley, in causing the termination of electrical utility service and preventing the lighting and display of the Cross and the communication of its message.

133.     Plaintiff was deprived of the ability to light the Cross on no less than five separate days.

## EIGHTH CAUSE OF ACTION

### Violation of the California Constitution Article I §2

### (Free Speech)

134.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

135.     Article I, Section 2 of the California Constitution provides in part, "Every person may freely speak, write and publish his or her sentiments on all subjects. A law may not restrain or abridge liberty of speech or press."

136.     Plaintiff is informed and believes, and on that basis alleges, that the Defendants, City of Albany, Calkins, Bond, Crumpley, Maass and Nason were guilty of oppression, fraud and malice when they caused the disconnection of electrical utility service and prevented the Lions Club from illuminating and displaying the Lions Cross in exercise of their right to free speech protected by Article I, Section 2 of the California Constitution.

137.     As a proximate result of Defendants' wrongful actions Plaintiff was prevented from illuminating the Cross on no less than five occasions during a 108 day period thereby depriving plaintiff of the right to free speech and suffering the monetary damages described above.

138.     Plaintiff has no adequate remedy at law because monetary damages alone will not afford adequate relief for the suppression of Plaintiff's message and the deprivation of Plaintiff's constitutional rights.

//

21

**COMPLAINT**

## NINTH CAUSE OF ACTION

### Violation of the First Amendment to the United States Constitution

### (Free Exercise of Religious Expression 42 U.S.C. 1983, 1988)

139.    Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

140.    Since 1971, the illumination and display of the Lions' Cross on Albany Hill prior to Christmas, Easter and on special occasions is and has been a religious exercise, reminding and drawing attention to the religious significance of the Christmas and Easter holidays as well as giving comfort and solace to the friends and relatives of those lost in the events of Pearl Harbor and the terrorist attacks of September 11th.

141.    Plaintiff is informed and believes and upon such information and belief alleges that Defendants Calkins, Bond, Crumpley, Maass and Nason knew and understood the regular lighting and display of the Lions' Cross was a constitutionally protected religious expression protected by the United States Constitution.

142.    Plaintiff is informed and believes and based upon such information and belief alleges that on or about September 1, 2016, Defendants, City of Albany, Calkins, Bond, Crumpley, Maass and Nason acting under color of state law and with malicious, oppressive and reckless disregard and callous indifference of the plaintiff's constitutional rights caused the electrical utility service to the Lions' Cross be terminated thereby preventing the display the Cross and, preventing hampering and interfering with Plaintiff's free exercise of religion and religious expression.

143.    Plaintiff is informed and believes and based upon such information and belief alleges that beginning September 1, 2016, Defendants, City of Albany, Calkins, Bond, Crumpley, Maass and Nason acting under color of state law and with malicious, oppressive and reckless disregard and callous indifference failed and refused to allow the electrical utility service to be reestablished and reconnected until December 15, 2016, thereby preventing the Lions Club from illuminating and displaying the Lions Cross on September 11, 2016, December 7, 2016, and from December 15, 2016, through December 18, 2016.

**COMPLAINT**

144.     Plaintiff is informed and believes and based upon such information and belief alleges that the Albany City Council, and Defendants, City of Albany, Maass and Nason disliked, disdained and opposed the religious Cross on Albany Hill, and that Defendants' dislike disdain and opposition to the Cross was the cause and a substantial and motivating factor in the in the actions and conduct of Defendants Calkins, Bond, Crumpley, Maass and Nason in causing the termination of electrical utility service and preventing the lighting and display of the Cross preventing the free exercise of religion.

145.     Defendants' actions deprived Plaintiff of the ability to light the Cross on no less than five separate days over a 108 day period.

## TENTH CAUSE OF ACTION

### Violation of the California Constitution Article I §4

### Free Exercise and Enjoyment of Religion

146.     Plaintiff incorporates and realleges each and every allegation contained in the preceding paragraphs of this complaint.

147.     Article I, Section 4 of the California Constitution provides in part, "Free exercise and enjoyment of religion without discrimination or preference are guaranteed."

148.     Plaintiff is informed and believes, and on that basis alleges, that the Defendants, City of Albany, Calkins, Bond, Crumpley, Maass and Nason were guilty of oppression, fraud and malice when they caused the disconnection of electrical utility service and prevented the Lions Club from illuminating and displaying the Lions Cross in exercise of their right free exercise and enjoyment of religion.

149.     As a proximate result of Defendants' wrongful actions Plaintiff was prevented from illuminating the Cross on no less than five occasions during a 108 day period thereby depriving plaintiff of the right to the free exercise and enjoyment of religion without discrimination by preventing the Lions from illuminating and displaying the Lions' Cross.

150.     Plaintiff has no adequate remedy at law because monetary damages alone will not afford adequate relief for the deprivation of Plaintiff's right to freely exercise and enjoy religion without discrimination.

**COMPLAINT**

# **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays as follows:

1.      For a permanent injunction, enjoining and restraining Defendants, their officers, agents, servants, employees and all persons in concert or participation with them who receive actual notice of the injunction, from taking, limiting, restricting, disrupting, hampering, interfering with or depriving the Albany Lions Club of the use and enjoyment of the Lions Club easement for the Cross on Albany Hill;

2.      For a permanent injunction, enjoining and restraining Defendants, their officers, agents, servants, employees and all persons in concert or participation with them who receive actual notice of the injunction, from terminating, hampering or interfering with the utility service to the  Lions' Cross on Albany Hill;

3.      For a permanent injunction, enjoining and restraining Defendants, their officers, agents, servants, employees and all persons in concert or participation with them who receive actual notice of the injunction,  from limiting, restricting, disrupting, hampering or interfering Plaintiff's exercise of free speech;

4.      For a permanent injunction, enjoining and restraining Defendants, their officers, agents, servants, employees and all persons in concert or participation with them who receive actual notice of the injunction,  from limiting, restricting, disrupting, hampering or interfering Plaintiff's free exercise of religion;

5.      For an order directing Defendant, the City of Albany, to sell, disgorge, renounce and otherwise divest  ownership of that land and real property  formerly known as the "Call property;"

6.      For  damages for in an amount to be determined according to proof;

7.      For punitive damages in an amount to be determined according to proof;

8.      For reasonable attorneys fees pursuant to 42 U.S.C. §1988(b);

9.      For costs of suit; and,

10.      For such other relief as the Court deems just and proper.

//

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JURY DEMAND**

Plaintiff demands a trial by jury in this action on any issue triable of right by a jury on any and all of Plaintiff's claims.

Dated: September 11, 2017

Respectfully submitted,

/S/  Robert E. Nichols

_____

ROBERT E. NICHOLS
Attorney for Plaintiff
Lions Club of Albany, California

**COMPLAINT**