1

ROBERT E. NICHOLS (SBN 100028)
3060 El Cerrito Plaza, Number 316
El Cerrito, California 94530
Telephone: (510) 423-3280
renichols01@comcast.net

2

3

4

*Attorney for Plaintiff,*
*The Lions Club of Albany, California,*
*and Albany Lions Foundation.*

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12

THE LIONS CLUB OF ALBANY,
CALIFORNIA, A Nonprofit Corporation,

Case No. 3:17-cv-05236 WHA

13

**Plaintiff,**

**PLAINTIFF LIONS CLUB OF ALBANY,
CALIFORNIA and COUNTER-
DEFENDANT'S LIONS CLUB OF
ALBANY, CALIFORNIA and ALBANY
LIONS FOUNDATION ANSWER TO
COUNTERCLAIM**

14

v.

15

THE CITY OF ALBANY, a Charter City;
LANCE CALKINS, in his personal and official
capacities as Fire Chief of the City of Albany;
JEFF BOND, in his personal and official
capacities as Community Development Director
of the City of Albany; PENELOPE LEACH
CRUMPLEY, in her personal and official
capacities as City Manager of the City of Albany;
PETER MAASS, in his personal and official
capacities as City Councilmember of the City of
Albany; ROCHELLE A. NASON, in her
personal and official capacities as City
Councilmember of the City Albany; and DOES 1
through 50;

16

17

**Judge:   The Honorable William H. Alsup**

18

19

20

21

22

23

**Defendants.**

24

THE CITY OF ALBANY, LANCE CALKINS,
JEFF BOND, PENELOPE LEACH
CRUMPLEY, PETER MAASS AND ANA
ROCHELLE NASON,

25

26

27

**Counter-claimants,**

28

1

**v.**

THE LIONS CLUB OF ALBANY,
CALIFORNIA, a nonprofit organization, THE
ALBANY LIONS CLUB FOUNDATION,
INC., a nonprofit organization, and THE
LIONS CLUB INTERNATIONAL, a nonprofit
organization, AND ROES 1-30,

**Counter-defendants.**

Counter-defendants, THE LIONS CLUB OF ALBANY, CALIFORNIA, and the
ALBANY LIONS CLUB FOUNDATION hereby answer the Corrected Counterclaim of
Defendants and Counterclaimants CITY OF ALBANY ("CITY"), LANCE CALKINS, JEFF
BOND, PENELOPE  LEACH CRUMPLEY, PETER MAASS and ANA ROCHELLE NASON
filed December 8, 2017.

### ANSWER TO "INTRODUCTION"

1.    Answering paragraph 1: Counter-defendants admit THE LIONS CLUB OF
ALBANY, CALIFORNIA brought this action against defendants/counterclaimants the CITY OF
ALBANY, LANCE CALKINS, JEFF BOND, PENELOPE LEACH CRUMPLEY, PETER
MAASS and ANA ROCHELLE NASON for violation of civil rights under 42 U.S.C. §§ 1983
and 1988, and for state claims.

2.    Answering paragraph 2: Counter-defendants neither admit nor deny the
allegations in this paragraph, as they are the incorporation of Defendants Answer which requires
no additional pleading.

3    Answering Paragraph 3:  Counter-defendants neither admit nor deny the
allegations in this paragraph, as they are the incorporation of Plaintiff's Complaint in this matter,
which requires no additional pleading.

2

4.      Answering Paragraph 4:   Counter-defendants neither admit nor deny the allegations in this paragraph, as they are the incorporation of defendants/counterclaimants Answer which requires no additional pleading.

## **ANSWER TO "JURISDICTION"**

5.      Answering Paragraph 5:   Counter-defendants neither admit nor deny the allegations in this paragraph, as they are matters of law not appropriate for admission or denial. The Northern District of California has jurisdiction for the state and federal claims.

## **ANSWER TO "VENUE"**

6.      Answering Paragraph 6:   Counter-defendants neither admit nor deny the allegations in this paragraph, as they are matters of law not appropriate for admission or denial. The Northern District of California has jurisdiction for the state and federal claims.

## **ANSWER TO "PARTIES"**

7.      Answering Paragraph 7:   Counter-defendants admit on information and belief that the City of Albany is a municipal entity existing under the laws of the State of California, and that the City of Albany has been named as a Defendant in the action brought by the LIONS CLUB OF ALBANY, CALIFORNIA.

8.      Answering Paragraph 8:   Counter-defendants admit on information and belief that LANCE CALKINS is, and at relevant times mentioned herein, was employed by the CITY as the Fire Chief of the CITY of Albany and has been named as a Defendant in the action brought by the LIONS CLUB OF ALBANY, CALIFORNIA.

9.      Answering Paragraph 9:   Counter-defendants admit on information and belief that JEFF BOND is, and at relevant times mentioned herein, was employed by the CITY as the Community Development Director of the CITY of Albany and has been named as a Defendant in the action brought by the LIONS CLUB OF ALBANY, CALIFORNIA.

10.      Answering Paragraph 10:   Counter-defendants admit on information and belief that PENELOPE LEACH CRUMPLEY at all relevant times mentioned herein was employed by the CITY as the City Manager of the City of Albany and has been named as a Defendant in the action brought by the LIONS CLUB OF ALBANY, CALIFORNIA. Counter-

3

defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

11.     Answering Paragraph 11:  Counter-defendants admit on information and belief that PETER MAASS is, and at relevant times mentioned herein, was a member of the City Council of the City of Albany and formerly the Mayor of the City of Albany and has been named as a Defendant in the action brought by the LIONS CLUB OF ALBANY, CALIFORNIA.

12.     Answering Paragraph 12:  Counter-defendants admit on information and belief that ANA ROCHELLE NASON is, and at relevant times mentioned herein, was a member of the City Council of the City of Albany and has been named as a Defendant in the action brought by the LIONS CLUB OF ALBANY, CALIFORNIA.

13.     Answering Paragraph 13: Counter-defendants admit LIONS CLUB OF ALBANY, CALIFORNIA is a nonprofit organization within the provisions of 26 U.S.C. §501(c)(4).

14.     Answering Paragraph 14:  Counter-defendants admit THE ALBANY LIONS CLUB FOUNDATION, INC. is a nonprofit organization within the provisions of 26 U.S.C. §501(c)(3).

15.     Answering Paragraph 15:  Counter-defendants admit on information and belief THE LIONS CLUB INTERNATIONAL is a nonprofit organization within the provisions of 26 U.S.C. §501(c)(4).

16.     Answering Paragraph 16:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations contained therein.

## ANSWER TO "FACTUAL ALLEGATIONS"

17.     Answering Paragraph 17:  Counter-defendants admit on information and belief that in or about 1971, a large steel cross approximately 15 to 20 feet high was erected by THE LIONS CLUB OF ALBANY, CALIFORNIA on property owned by Hubert F. Call and Ruth L. Call.  Counter-defendants admit that the Lions Cross is located southeast of the peak of Albany Hill above Taft Street, and faces east towards the Berkeley Hills.  Counter-defendants

4

admit that electrical service to the Lions Cross is available from a utility line on Taft Street. Counter-defendants admit on information and belief that the Lions Cross is visible from various areas in and outside the City of Albany.  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

18.    Answering Paragraph 18:  Counter-defendants admit on information and belief that Hubert F. Call served as the Mayor of the City of Albany, and as a member of the Albany City Council. Counter-defendants admit on information and belief that Hubert F. Call was a member of THE LIONS CLUB OF ALBANY, CALIFORNIA at all times during his tenure as Mayor and City Council member for the City of Albany. Counter-defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

19.    Answering Paragraph 19:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

20.    Answering Paragraph 20:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

21.    Answering Paragraph 21:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

22.    Answering Paragraph 22:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

23.    Answering Paragraph 23:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

24.    Answering Paragraph 24: Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

25.    Answering Paragraph 25:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

26.    Answering Paragraph 26:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

//

27.     Answering Paragraph 27:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

28.     Answering Paragraph 28:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

29.     Answering Paragraph 29:  Counter-defendants admit on information and belief that on August 17, 1973, Hubert and Ruth Call executed a grant deed conveying to the "Albany Lions Club, Lions International" "an easement for ingress and egress to maintain the existing cross standing on a portion of the . . . described premises."  Counter-defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

30.     Answering Paragraph 30:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

31.     Answering Paragraph 31:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

32.     Answering Paragraph 32:  Counter-defendants admit on information and belief that on August 21, 1973, the Albany City Council adopted a resolution accepting the donation of the former Call property from Call property from Cebert Properties, Inc. Counter-defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

33.     Answering Paragraph 33:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

34.     Answering Paragraph 34:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

35.     Answering Paragraph 35:  Counter-defendants admit on information and belief that the stamp of the Alameda County Recorder placed on the Grant Deed granting to the Lions Club of Albany, California an easement for ingress and egress to maintain the Lions Cross bears the date August 24, 1973, and also bears the information "RE: 3497 IH 152" and the number "73-116351."  Counter-defendants lack sufficient information or belief as to the

remaining allegations in this paragraph, and, on this ground deny the allegations.

36.     Answering Paragraph 36:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

37.     Answering Paragraph 37: Counter-defendants admit the California Supreme Court issued an opinion in *Thomson v. Call,* 38 Cal. 3d 633(1985) which speaks for itself.

38.     Answering Paragraph 38:  Counter-defendants deny each and every allegation contained in this paragraph.

39.     Answering Paragraph 39:  Counter-defendants admits that on or about November 12, 2015, City Manager Crumply sent an e-mail to THE LIONS CLUB OF ALBANY said e-mail speaks for itself.

40.     Answering Paragraph 40: Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

41.     Answering Paragraph 41:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

42.     Answering Paragraph 42:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

43.     Answering Paragraph 43:  Counter-defendants admit that on or about November 24, 2015, Community Development Director Jeff Bond wrote to the Lions Club of Albany, California, concerning the utility line. Said letter speaks for itself. Counter-defendants deny on information and belief that the electrical service lines to the Cross were hazardous, that electrical service lines are prohibited from passing through tree branches and further deny the Albany Lions Club was responsible for the maintenance of PG&E utility lines. Except as expressly admitted Counter-defendants lack sufficient information and belief as to the remaining allegations in this paragraph and on that basis, deny the remaining allegations.

44.     Answering Paragraph 44:  Counter-defendants admit that on or about December 7, 2015, Community Development Director Jeff Bond wrote to the Lions Club of Albany, California, regarding "Review Process for Electrical Service Connection Upgrade." Said

letter speaks for itself. Counter-defendants deny on information and belief that a privately owned pole or upgraded service connection was required and further deny that the Lions Club is or was responsible for the utility line extending from the PG&E line to the cross.  Except as expressly admitted Counter-defendants lack sufficient information and belief as to the remaining allegations in this paragraph and on that basis, deny the remaining allegations.

45.     Answering Paragraph 45:  Counter-defendants admit that on December 10, 2015, the Albany Lions Club sent a seven (7) page letter to Community Development Director Jeff Bond objecting to the disconnection request. Said letter speaks for itself.

46.     Answering Paragraph 46: Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

47.     Answering Paragraph 47:     Counter-defendants admit that on or about February 1, 2016, the City Council met and considered the issue of the Lions Cross on the Albany Hill park property. The City Council created a subcommittee consisting of MAASS and NASON to work with THE LIONS CLUB OF ALBANY to resolve the issue.

48.     Answering Paragraph 48:  Counter-defendants admit that on or about April 4, 2016, the City of Albany sent a letter to "The Lions Club" entitled, "Confidential Settlement Communication (Evidence Code Section1152)." The letter speaks for itself.

49.     Answering Paragraph 49: Counter-defendants admit on information and belief  that On or about August 20, 2016, Fire Chief Calkins contacted PG&E advising that the City of Albany sought to disconnect the power to the Lions Cross, and requesting information about the process.

50.     Answering Paragraph 50:  Counter-defendants admit Calkins and Bond wrote a letter dated August 24, 2016.  The letter speaks for itself.

51.     Answering Paragraph 51:  Counter-defendants are informed and believe that on August 31, 2016, Fire Chief Calkins e-mailed PG&E to inquire as to whether there was any update about the timeline or process to disconnect electrical service to the Lions Cross. The electronic mail correspondence speaks for itself. Except as admitted, Counter-defendants deny the remaining allegations.

8

52.     Answering Paragraph 52:  Counter-defendants admit that on September 1, 2016, a letter was dispatched to Calkins and Bond with a copy to City Manager Crumply.  The letter speaks for itself.

53.     Answering Paragraph 53:  Counter-defendants admit upon information and belief that on or about September 1, 2016, the Fire Chief Calkins electronically mailed Tom Guarino at PG&E seeking an emergency disconnect of the electrical power to the Lions Cross.  The e-mail message speaks for itself.

54.     Answering Paragraph 54:  Counter-defendants admit upon information belief that on or about September 1, 2016, the Fire Chief Calkins electronically mailed Tom Guarino at PG&E a letter requesting PG&E disconnect power to the cross.  The Letter speaks for itself.   Counter-defendants on information and belief deny that the statements contained in the letter are true.

55.     Answering Paragraph 55:   Counter-defendants admit a letter dated September 7, 2016, was sent to City Manager Crumpley.  The letter speaks for itself.

56.     Answering Paragraph 56:  Counter-defendants admit a letter dated September 13, 2016, was sent to Calkins and Bond.  The letter speaks for itself.

57.     Answering Paragraph 57:  Counter-defendants admit that a letter dated September 23, 2016, was sent to Toussaint S. Bailey, Esq., whom counter-defendants were informed and believed was an attorney engaged to represent the City of Albany concerning the Cross on Albany Hill. The letter speaks for itself.

58.     Answering Paragraph 58:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

59.     Answering Paragraph 59:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

60.     Answering Paragraph 60:  Counter-defendants admit that a letter dated October 19, 2016, was sent by Toussaint Baily on behalf of the City. The letter speaks for itself.

61.     Answering Paragraph 61:  Counter-defendants admit that a claim was submitted on November 17, 2016, on behalf of the Lions Club of Albany, California.  The Claim

9

1    speaks for itself.

2        62.    Answering Paragraph 62:  Counter-defendants admit on information and

3    belief that on December 14, 2016 the City of Albany transmitted an electronic message to PG&E

4    authorizing PG&E to restore electrical service to the Lions Cross.   The electronic mail

5    transmission speaks for itself.

6        63.    Answering Paragraph 63:  Counter-defendants admit on information and

7    belief that on or about December 14, 2016, the City issued an open letter to Albany Residents

8    explaining the Lions Cross would be re-energized.  The letter speaks for itself.

9        64.    Answering Paragraph 64:  Counter-defendants admit on information and

10   belief that some members of the public have complained to the City about the Lions Cross.

11   Counter-defendants admit that the Lions Club of Albany, California has refused to remove the

12   cross from its current location upon the Lions Club's easement.  Counter-defendants deny the

13   Cross is in violation of the U.S. Constitution or California Constitutional provisions. Except as

14   expressly admitted Counter-defendants lack sufficient information and belief as to the remaining

15   allegations in this paragraph and on that basis, deny the remaining allegations.

16       65.    Answering Paragraph 65:  Counter-defendants lack sufficient information

17   or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

18       66.    Answering Paragraph 66:  Counter-Defendants admit that the Lions Cross

19   has been illuminated during the Christmas season, Easter holidays and on other occasions.

20       67.    Answering Paragraph 67:  Counter-Defendants admit this action was filed

21   on September 11, 2017. Except as admitted herein, Counter-defendants deny the remaining

22   allegations of this paragraph.

23       68.    Answering Paragraph 68: Counter-Defendants lack sufficient information

24   or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

25                    **ANSWER TO FIRST CAUSE OF ACTION**
                  **(Quiet Title – Cal. Code of Civil Procedure Section 760.010 –**
26                   **Against all Counter-Defendants and Roes 1-10)**

27       69.    Answering Paragraph 69:  Counter-Defendants incorporate by reference

28   herein each and every response to every paragraph of the counterclaim, inclusive, as if fully set

*Lion's Club et. al.  v City of Albany, et al.*        Case No. 3:17-cv-05236-WHA
LIONS CLUB OF ALBANY, CALIFORNIA, et. al.   ANSWER TO COUNTERCLAIM

forth herein.

70.     Answering Paragraph 70:  Counter-Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

71.     Answering Paragraph 71:  Counter-Defendants admit that the Albany Lions Club, a California Non-Profit Corporation, holds an easement for ingress and egress to maintain the existing Lions Cross standing on a portion of the premises described as: Lots 1 through 18, in Block 8, as shown on a plat of Cerrito Hill, Alameda County, California, filed in the Office of the Recorder of said County on May 13, 1909, in Map Book 24, page 70 excepting therefrom that portion thereof conveyed to the City of Albany, a municipal corporation, by deed dated August 29, 1960, Recorded January 4, 1961, under Recorder's Series No. AS/637 Alameda County Records. Except as admitted herein, Counter-defendants deny the remaining allegations of this paragraph.

72.     Answering Paragraph 72:  Counter-Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

73.     Answering Paragraph 73:  Counter-Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

74.     Answering Paragraph 74:  Counter-Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

75.     Answering Paragraph 75:  Counter-Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

76.     Answering Paragraph 76:  Counter-Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

77.     Answering Paragraph 77:  Counter-Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

78.     Answering Paragraph 78:  Counter-Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

79.     Answering Paragraph 79:  Counter-Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

11

80.     Answering Paragraph 80:  Counter-Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

81.     Answering Paragraph 81:  Counter-Defendants admit on information and belief that the that a stamp showing the name of the Alameda County Recorder is placed on the Grant Deed granting to the Lions Club of Albany, California an easement for ingress and egress to maintain the Lions Cross, bears the date August 24, 1973, and also bears the information "RE: 3497 IH 152" and the number "73-116351."  Counter-defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

82.     Answering Paragraph 82:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

83.     Answering Paragraph 83:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

84.     Answering Paragraph 84:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

85.     Answering Paragraph 85:  Counter-defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

86.     Answering Paragraph 86:  Counter-defendants admit on information and belief that The Lions Club of Albany, California possesses an easement for ingress and egress to maintain the Lions Cross standing on Albany Hill.  Counter-defendants deny the Cross is unconstitutional under federal or state Constitutions and except as admitted Counter-defendants denies the remaining allegations based on lack of information and belief.

87.     Answering Paragraph 87: Counter-defendants deny the allegations contained therein based on information and belief.

88.     Answering Paragraph 88: Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

89.     Answering Paragraph 89:   Counter-defendants deny each and every allegation contained in this paragraph.

90.     Answering Paragraph 90:  The allegations in this paragraph are matters of law not appropriate for admission or denial. To the extent Counter-defendants are deemed required to respond to Counterclaimant's allegations, Counter-defendants deny the allegations  of this paragraph and deny  Counterclaimants are entitled to any declaration of right title or interest or injunction against Counter-defendants.

91.     Answering Paragraph 91:  The allegations in this paragraph are matters of law not appropriate for admission or denial. To the extent Counter-defendants are deemed required to respond to Counterclaimant's allegations, counter-defendants deny the allegations of this paragraph and deny that Counterclaimants are entitled to any transfer of the Lions' easement to the City.

92.     Answering Paragraph 92: The allegations in this paragraph are matters of law not appropriate for admission or denial. To the extent Counter-defendants are deemed required to respond to Counterclaimant's allegations, Counter-defendants deny the allegations  of this paragraph and deny  Counterclaimants are entitled to any declaration of right title or interest or injunction against Counter-defendants.

93.     Answering Paragraph 93: The allegations in this paragraph are matters of law not appropriate for admission or denial. To the extent Counter-defendants are deemed required to respond to Counterclaimant's allegations, Counter-defendants deny the allegations  of this paragraph and deny  Counterclaimants are entitled to any declaration of right title or interest or injunction against Counter-defendants.

## ANSWER TO SECOND CAUSE OF ACTION

### (Trespass –Against all Counter-Defendants and Roes 1-10)

94.     Answering Paragraph 94:  Counter-Defendants incorporate by reference herein each and every response to every paragraph of the counterclaim, inclusive, as if fully set forth herein.

95.     Answering Paragraph 95:  Counter-Defendants deny each and every allegation contained in this paragraph.

96.     Answering Paragraph 96:  Counter-Defendants admit the Lions Club of

Albany, California holds and possesses an easement for ingress and egress to maintain the Lions Cross standing on Albany Hill.  Except as admitted, Counter-Defendants deny all remaining allegations.

97.     Answering Paragraph 97:  Counter-Defendants admit the Lions Club of Albany, California, owns a steel and plexiglass Cross firmly anchored in a permanent concrete base pursuant to an easement. Counter-Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

98.     Answering Paragraph 98:  Counter-Defendants are informed and believe that the City has expressed to The Lions Club of Albany, California, that the City believes the Lions Cross is unconstitutional. Counter-Defendants deny that that the Lions Club's ownership and possession of the Cross is unconstitutional. Counter-Defendants deny the Lions ownership and possession of the Cross violate the Establishment Clause of the First Amendment of the U.S. Constitution and the No Preference Clause of the California Constitution, Article 1, Section 4 by the Lions Club and except as admitted herein, deny the remaining allegations in this paragraph.

99.     Answering Paragraph 99:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations contained therein.

100.     Answering Paragraph 100:  Counter-defendants deny that the City's permission is required to maintain the Lions Cross on Albany Hill.  Counter-defendants admit that the City improperly demanded the Lions Club of Albany disconnect power to the Cross, and falsely asserting the Lions Club was responsible for the electrical utility wire.  Except as admitted herein, Counter-defendants deny the remaining allegations of this paragraph.

101.     Answering Paragraph 101:  Counter-defendants admit that the Lions Club of Albany, California has refused to disconnect the power to the Lions Cross; refused to remove the Lions Cross from its easement on Albany Hill; and, that the Lions Club of Albany, California continue to light the Cross during Christmas, Easter and other special occasions. Except as admitted herein, Counter-defendants deny the remaining allegations of this paragraph.

102.     Answering Paragraph 102:  Counter-defendants deny each and every

*Lion's Club et. al.  v City of Albany, et al.*     Case No. 3:17-cv-05236-WHA
LIONS CLUB OF ALBANY, CALIFORNIA, et. al.   ANSWER TO COUNTERCLAIM

allegation contained in this paragraph, and deny that Counterclaimants were damaged in any sum or sums or that they are entitled to any award or compensation as alleged or at all.

103. Answering Paragraph 103: Counter-defendants deny each and every allegation contained in this paragraph, and deny that Counterclaimants were damaged in any sum or sums or that it is entitled to any award or compensation as alleged or at all.

## ANSWER TO THIRD CAUSE OF ACTION

### (Nuisance – Against all Counter-Defendants and Roes 1-10)

104. Answering Paragraph 104: Counter-Defendants incorporate by reference herein each and every response to every paragraph of the counterclaim, inclusive, as if fully set forth herein.

105. Answering Paragraph 105: Counter-Defendants deny each and every allegation contained in this paragraph.

106. Answering Paragraph 106: Counter-Defendants deny each and every allegation contained in this paragraph.

107. Answering Paragraph 107: Counter-Defendants deny each and every allegation contained in this paragraph.

108. Answering Paragraph 108: Counter-Defendants deny each and every allegation contained in this paragraph.

109. Answering Paragraph 109: Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

110. Answering Paragraph 110: Counter-Defendants deny each and every allegation contained in this paragraph.

111. Answering Paragraph 111: Counter-Defendants deny each and every allegation contained in this paragraph, and deny that Counterclaimants were damaged in any sum or sums or that it is entitled to any award or compensation as alleged or at all.

112. Answering Paragraph 112: This paragraph contains a number but no content and requires no answer.

//

1

## ANSWER TO FOURTH CAUSE OF ACTION

2

3

**(Declaratory Relief – Violation of First Amendment Establishment Clause and California Constitution, Article 1, Section 4, No Preference Clause Against All Counter-Defendants and Roes 1 through 10)**

4

5

6

113.    Answering Paragraph 113:  Counter-Defendants incorporate by reference herein each and every response to every paragraph of the counterclaim, inclusive, as if fully set forth herein.

7

8

9

10

114.    Answering Paragraph 114:  Counter-Defendants admit that the Lions Cross on Albany Hill was constructed, erected, installed, maintained, illuminated and owned by the Lions Club of Albany, California, and except as expressly admitted denies the remaining allegations.

11

12

13

14

115.    Answering Paragraph 115:    Counter-Defendants admit the Lions Cross is located on property for which the Lions Club of Albany has an easement. Counter-Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

15

16

17

18

19

116.    Answering Paragraph 116:  Counter-Defendants admit the Lions Cross is a religious symbol, protected by the U.S. and California Constitutions, the case citations are matters of law not appropriate for admission or denial. To the extent Counter-defendants are deemed required to respond to Counterclaimant's allegations, Counter-defendants on information and belief deny the remaining allegations of this paragraph.

20

21

117.    Answering Paragraph 117:  Counter-Defendants deny each and every allegation contained in this paragraph.

22

23

24

118.    Answering Paragraph 118:  Counter-defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations contained therein.

25

26

27

119.    Answering Paragraph 119:  The allegations in this paragraph are matters of law not appropriate for admission or denial. To the extent Counter-defendants are deemed required to respond to Counterclaimant's allegations, Counter-defendants deny the allegations of

28

*Lion's Club et. al.  v City of Albany, et al.*        Case No. 3:17-cv-05236-WHA
LIONS CLUB OF ALBANY, CALIFORNIA, et. al.   ANSWER TO COUNTERCLAIM

1  this paragraph and deny Counterclaimants are entitled to any declaration against Counter-

2  defendants.

3      120.    Answering Paragraph 120: The allegations in this paragraph are matters of

4  law not appropriate for admission or denial. To the extent Counter-defendants are deemed

5  required to respond to Counterclaimant's allegations, Counter-defendants deny the allegations of

6  this paragraph and deny Counterclaimants are entitled to any declaration against Counter-

7  defendants.

8          **ANSWER TO "PRAYER FOR RELIEF"**

9      121.    To the extent Counter-defendants are deemed required to respond to

10 Counterclaimants' prayer for relief, Counter-defendants deny all allegations of the Prayer for

11 Relief, deny Counterclaimants are entitled to any declaratory judgment, injunction, mandatory

12 injunction, or order against Counter-Defendants, and deny Plaintiff was damaged in any sum or

13 sums or that it is entitled to any award or recovery against Counter-Defendants as alleged.

14      **COUNTER-DEFENDANTS' AFFIRMATIVE DEFENSES**

15          **FIRST AFFIRMATIVE DEFENSE**

16     The counterclaim fails to state facts sufficient to constitute any cause of action

17 against the answering Counter-defendants.

18          **SECOND AFFIRMATIVE DEFENSE**

19     Counterclaimants' claims are barred by all applicable federal and state statutes of

20 limitation including but not limited to California Code of Civil Procedure §§312 *et. seq.*

21          **THIRD AFFIRMATIVE DEFENSE**

22     Counterclaimants' claims are barred by the doctrines of laches, unclean hands, and

23 waiver.

24          **FOURTH AFFIRMATIVE DEFENSE**

25     Counterclaimants' claims are barred by the doctrines of issue preclusion, equitable

26 estoppel, collateral estoppel, and res judicata.

27          **FIFTH AFFIRMATIVE DEFENSE**

28     The remedies sought by Counterclaimants constitute a taking of property without

*Lion's Club et. al.  v City of Albany, et al.*      Case No. 3:17-cv-05236-WHA
LIONS CLUB OF ALBANY, CALIFORNIA, et. al.   ANSWER TO COUNTERCLAIM

just compensation in violation of the U.S. and California Constitutions.

## SIXTH AFFIRMATIVE DEFENSE

Counterclaimants' failed and neglected to use reasonable care to protect themselves, voluntarily consented to and participated in the acts complained of, and/or failed to mitigate damages, and said failure proximately contributed to the events and damages alleged in the counterclaim.

## SEVENTH AFFIRMATIVE DEFENSE

The Counter-Defendants' acts were not a substantial or proximate cause of any injury to Counterclaimants.

## EIGHTH AFFIRMATIVE DEFENSE

Counterclaimants' allegations against the Lions Club of Albany, California or the Albany Lions Club Foundation do not rise to the level of any constitutional violation under the First, Fifth or Fourteenth Amendments of the United States Constitution or the applicable provisions of the California Constitution.

## NINTH AFFIRMATIVE DEFENSE

Counterclaimants voluntarily assumed the risk of injuries and damages claimed in this case, or related to or arising out of the alleged incidents and conduct, and said assumption of risk acts as a complete bar to any recovery in this matter.

## TENTH AFFIRMATIVE DEFENSE

Counterclaimants seek to exercise the power of eminent domain but have failed to state a clause of action for eminent domain under California Code of Civil Procedure §§1230.010 *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

Counterclaimants Calkins, Bond, Crumpley, Nason and Maass lack standing to bring these counterclaims.

**WHEREFORE** Counter-defendants pray that:

1. Counterclaimants take nothing by reason of its Counterclaim;

2. That Counterclaimants claims for injunctive or other equitable relief be denied;

18

3. Counter-defendants be awarded their costs of suit incurred herein and their attorneys' fees pursuant to 42 U.S.C. Section 1988 and all other applicable federal statutes and judicial authorities; and

3. Counter-defendants be granted such further relief as the Court deems proper.

Dated: December 21, 2017

By:   /s/ Robert E. Nichols
ROBERT E. NICHOLS
Attorney for Plaintiff
Lions Club of Albany, California and
Counter-Defendants
Lions Club of Albany, California
Albany Lions Club Foundation

*Lion's Club et. al.  v City of Albany, et al.*        Case No. 3:17-cv-05236-WHA
LIONS CLUB OF ALBANY, CALIFORNIA, et. al.   ANSWER TO COUNTERCLAIM