MICHAEL J. PIETRYKOWSKI (SBN: 118677)
mpietrykowski@grsm.com
DON WILLENBURG (SBN: 116377)
dwillenburg@grsm.com
ANNA MOURLAM (SBN: 312015)
amourlam@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
1111 Broadway, Suite 1700
Oakland, California 94607
Phone: (510) 463-8685, Facsimile: (510) 984-1721

ROBERT NICHOLS (SBN: 100028)
renichols01@comcast.net
3060 El Cerrito Plaza, Number 316
El Cerrito, California 94530
Telephone: (510) 423-3280

Attorneys for Counter-Defendants The Lions Club
Of Albany, California and The Albany Lions
Foundation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LIONS CLUB OF ALBANY, CALIFORNIA, a nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF ALBANY, et al.,<br><br>Defendants.<br>_____<br>THE CITY OF ALBANY, et al.,<br><br>Counter-Claimants,<br><br>v.<br><br>THE LIONS CLUB OF ALBANY, CALIFORNIA, a nonprofit organization; THE ALBANY LIONS CLUB FOUNDATION, a nonprofit organization; and ROES 1-30,<br><br>Counter-Defendants. | CASE NO. 3:17-cv-05236 WHA<br><br>**REPLY TO COUNTER-CLAIMANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BY COUNTER-DEFENDANTS THE LIONS CLUB OF ALBANY, CALIFORNIA AND THE ALBANY LIONS CLUB FOUNDATION**<br><br>[Pursuant to Fed. R. Civ. Proc. 56]<br><br>Date: May 24, 2018<br>Time: 8:00 a.m.<br>Dept.: 12<br>Judge: The Honorable William H. Alsup |

-1-
COUNTER-DEFENDANTS' REPLY IN SUPPORT OF SUMMARY JUDGMENT – Case No. 3:17-cv-05236 WHA

# TABLE OF CONTENTS

**Page**

A. Introduction ........................................................................................................................... 5

B. Argument .............................................................................................................................. 6

    i. Counter-Defendants' motion for summary judgment did not exceed the page limits of Local Civil Rule 7-2(b). ......................................................................... 6

    ii. Counter-Defendants are entitled to summary judgment on the claim for quiet title because the statute of limitations lapsed over forty years ago. ................ 7

    iii. Counter-Defendants are entitled to summary judgment on the claim for trespass because The Albany Lions have a valid easement, and the City never revoked permission. ............................................................................................ 8

        a. There is no trespass because the easement is valid. ..................................... 8

        b. The City did not revoke permission to The Albany Lions Club. ................. 8

    iv. Counter-Defendants are entitled to summary judgment on the claim of nuisance because the electrical wiring is statutorily permitted and there is no case holding a religious symbol a nuisance. ........................................................ 9

    v. Counter-Defendants are entitled to summary judgment on the declaratory relief claim because the Establishment Clause and the "No Preference" Clause do not apply to private entities. ................................................................. 10

C. Conclusion ........................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. MHC Colony Park, Ltd. P'ship*,
  224 Cal. App. 4th 601 (2014) .................................................................................................. 10

*Am. Humanist Ass'n v. City of Lake Elsinore*,
  (C.D.Cal. Feb. 25, 2014, No. 5:13-cv-00989-SVW-OPx) 2014 U.S.Dist.LEXIS 25180 ........ 12

*Barnes-Wallace v. City of San Diego*,
  704 F.3d 1067 (9th Cir. 2012) .................................................................................................. 12

*Buono v. Norton*,
  371 F.3d 543 (9th Cir. 2004) .................................................................................................... 11

*Civic Western Corp. v. Zila Industries, Inc.*,
  66 Cal. App. 3d 1 (1977) ........................................................................................................... 8

*Davies v. L.A. Cnty. Bd. of Supervisors*,
  (C.D.Cal. 2016) 177 F. Supp. 3d 1194 .................................................................................... 12

*East Bay Asian Local Dev. Corp. v. Cal.*,
  24 Cal. 4th 693 (2000) ............................................................................................................. 12

*Ellis v. City of La Mesa*,
  990 F.2d 1518 (9th Cir. 1993) .................................................................................................. 11

*Euclid v. Ambler Realty Co.*,
  272 U.S. 365 (1926) ................................................................................................................. 10

*Fox v. Los Angeles*,
  22 Cal. 3d 792 (1978) .............................................................................................................. 11

*Good News Club v. Milford Cent. Sch.*,
  533 U.S. 98 (2001) ..................................................................................................................... 9

*Koll-Irvine Ctr. Prop. Owners Ass'n v. Cty. of Orange*,
  224 Cal. App. 4th 601 (2014) .................................................................................................. 10

*Mangini v. Aerojet-General Corp.*,
  230 Cal. App. 3d 1125 (1991) ................................................................................................. 10

*Mayer v. L&B Real Estate*,
  43 Cal. 4th 1231 (2008) ............................................................................................................. 7

*Muktarian v. Barmby*,
  63 Cal. 2d 558 (1965) ................................................................................................................ 7

*Newhall Land & Farming Co. v. Superior Court*,
  19 Cal. App. 4th 334 (1993) .................................................................................................... 10

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

*People ex rel. Busch v. Projection Room Theater*,
    17 Cal. 3d 42 (1976) .............................................................................................................. 10

*Reno v. ACLU*,
    521 U.S. 844 (1997) ................................................................................................................ 9

*Robi v. Five Platters, Inc.*,
    838 F.2d 318 (9th Cir. 1988) ................................................................................................. 13

*Salazar v. Buono*,
    559 U.S. 700 (2010) .............................................................................................................. 11

*Separation of Church & State Comm. v. City of Eugene*,
    93 F.3d 617 (9th Cir. 1996) ................................................................................................... 11

*Trunk v. City of San Diego*,
    629 F.3d 1099 (9th Cir. 2011) ............................................................................................... 11

*Van Orden v. Perry*,
    545 U.S. 677 (2005) .............................................................................................................. 11

**Statutes**

Civil Code of Procedure
    Section 318 .............................................................................................................................. 7

Revenue and Tax Code
    Section 3725 ............................................................................................................................ 7

**Constitutional Provisions**

United States Constitution
    First Amendment ............................................................................................................. 10, 12

**Rules**

Federal Rule of Civil Procedure
    Rule 56 ..................................................................................................................................... 1

Local Civil Rule
    Rule 7-2 .................................................................................................................................... 6

Local Civil Rule
    Rule 7-3 .................................................................................................................................... 6

**Other Authorities**

California Civil Jury Instructions
    No. 2000 ................................................................................................................................... 8

California Public Utilities Commission General Order 95, Section III, Rule 35 ........................... 9

Department of Defense Appropriations Act, 2004, Section 8121 ............................................... 11

### A. Introduction

Counter-Defendants' motion for summary judgment should be granted, in to or in substantial part. The opposition ignores relevant statutes, does not address or distinguish the authorities cited in the moving papers, and cites cases that have little or nothing to do with the facts and issues in this case. At most, it suggests one triable factual issue, on one cause of action, for only one Counter-Claimant, the City.

The motion argued that the quiet title claim was barred by the five-year statute of limitations. The opposition relies exclusively on a case that does not involve the relevant statute, and which held the statute relevant in that case commenced upon actual notice of the supposedly adverse claim. In the present case, that was nearly half a century ago, when the City took the property subject to the easement. The motion also pointed out that Counter-Claimants could not prevail on a quiet title action anyway because they did not have "clear and convincing" evidence of title "inconsistent with the easement." The opposition did not even respond to that argument.

On the trespass cause of action, the opposition does not address the fact (and thereby concedes) that the individual Counter-Claimants do not own the property and therefore cannot have a cause of action for trespass. Instead, the opposition relies on the supposed invalidity of the recorded easement, and asserts that the City has "revoked permission." But no more "permission" should be needed than a recorded easement, which cannot simply be revoked by a simple say-so. And the evidence the opposition cites does not show any revocation. If further permission is needed, then perhaps there is a triable issue of fact as to the City's claim for trespass only.

On the nuisance cause of action, the opposition concedes that the individuals do not have a private nuisance claim. Opp. 17. The opposition asserts that there is a public nuisance claim for individual Counter-Claimant Rochelle Nason because she is of a different faith, but cites no decision enforcing this sort of "heckler's veto" against protected speech and expression (and questionable exercise of pluralism). The opposition asserts that the City has a public nuisance claim because the Cross is "offensive and annoying," but the Cross is only infrequently illuminated, and if it is otherwise "offensive and annoying" then so are many other publicly-

displayed religious symbols. Demonstrating the lack of law backing Counter-Claimants' position, the only case the opposition cites on the nuisance claim is almost one hundred years old, and was not about either nuisance or religious symbols, but rather zoning.

On the constitutional claims, the opposition ignores the fact that as private actors, Counter-Defendants cannot violate constitutional proscriptions on state action. Whether or not the City can erect or maintain a cross is not at issue. Moreover, the opposition failed to address any of the cases cited in the moving papers allowing monuments with religious significance on public grounds, including cases decided by higher courts after any of those in the opposition.

Citing irrelevant authorities is nothing new for the City and other Counter-Claimants: The City's Fire Chief, Counter-Claimant Calkins, has admitted that none of the authorities cited his letter directing PG&E to disconnect electricity to the Cross actually authorized, much less required, the disconnection. Exh. ZZ. The absence of valid authority then meant that the City's actions were unauthorized. The absence of applicable authority in the opposition now means that this Court should grant summary judgment for Counter-Defendants.

### B. Argument

#### i. Counter-Defendants' motion for summary judgment did not exceed the page limits of Local Civil Rule 7-2(b).

Counter-Claimants wrongly argue that the motion violated Local Civil Rule 7-2(b), which limits motions to "25 pages in length." The text of Counter-Defendants' motion– including the required Notice of Motion, Issues to be Decided, and Memorandum – is only 21 pages. The page limits are not reasonably interpreted to include such non-substantive aspects as the caption page, the table of contents, the table of authorities, or the certificate of service. This is express in Local Civil Rule 7-3, which limits oppositions to "25 pages of text" and replies to "15 pages of text." It is more reasonable to read 7-2 consistently with 7-3 than to speculate that there is an intentional omission in 7-2 designed to effectively shorten the text for motion papers.

Counter-Claimants complain that it is somehow improper for them to face separate motions for summary judgment on the complaint and their counter-claim. Counter-Defendants The Albany Lions Club and The Albany Lions Club Foundation filed a motion against the

1  counter-claims for quiet title, nuisance, trespass, and declaratory relief. Plaintiff The Albany
2  Lions Club moved <u>for</u> summary judgment as to its constitutional rights. These are separate legal
3  actions with distinct issues.
4      Further, even if page limit rules were superseded, Counter-Claimants do not assert or
5  demonstrate any prejudice. There are a number of arguments to which Counter-Claimants did not
6  respond, but they do not assert that was because of their own page limits. It appears, rather, to be
7  due to the lack of authority or evidence supporting the Counter-Claimants' position.

        **ii.  Counter-Defendants are entitled to summary judgment on the claim for quiet title because the statute of limitations lapsed over forty years ago.**

10      Counter-Defendants argued that Counter-Claimants are unable to put forth clear and
11  convincing evidence of title inconsistent with the easement. The opposition does not address this
12  argument and so concedes it.
13      Nor do Counter-Claimants directly address the point that the five-year statute of
14  limitations for quiet title actions, Cal. Civ. Proc. Code § 318, bars this claim, Instead, Counter-
15  Claimants argue that no statute of limitations can run against a quiet title claimant in
16  "undisturbed possession of the land," citing *Mayer v. L&B Real Estate*, 43 Cal. 4th 1231, 1237
17  (2008). That case does not even address section 318. It is about a different statute altogether,
18  California Revenue & Tax Code section 3725, which deals with undoing a tax delinquency sale.
19  Furthermore, *Mayer* held that statute was triggered once the property owners had adequate notice
20  of the adverse action. *Id*. at 1239. The rationale for the abeyance of the statute until then does not
21  apply here: "In many instances one in possession would not know of dormant adverse claims of
22  persons not in possession." *Muktarian v. Barmby*, 63 Cal. 2d 558, 560-61 (1965), cited in *Mayer*
23  43 Cal. 4th at 1237. In the present case, the City has been aware of the easement since it first
24  accepted the parcel, so the statute of limitations began running then. The statute of limitations for
25  this cause of action lapsed over forty years ago.

### iii. Counter-Defendants are entitled to summary judgment on the claim for trespass because The Albany Lions have a valid easement, and the City never revoked permission.

#### a. There is no trespass because the easement is valid.

There is no trespass because the City took the land subject to an easement that it thereafter recognized, respected and in fact advanced for years. *See* California Civil Jury Instructions 2000 (trespass requires entry without permission); *see also Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal. App. 3d 1, 16-17 (1977) ("Where there is a consensual entry, there is no tort, because lack of consent is an element of the wrong.").

As discussed in Counter-Defendants' motion, the City's cause of action fails because The Albany Lions Club's valid easement has been recognized by the City for decades. The City has provided The Albany Lions Club a key to the gate on the north end of the property, and even assisted The Albany Lions Club in accessing the Cross as late as October 2017 – all while acknowledging the validity of the easement.

#### b. The City did not revoke permission to The Albany Lions Club.

Counter-Claimants argue that the City revoked its prior permission to The Albany Lions to maintain the Cross, but the evidence does not support that argument.

Counter-Claimants cite no evidence supporting revocation, but instead pages from the memoranda supporting The Albany Lions Club's two motions for summary judgment. Opp. 15:24 citing D.E. 43 at 14 and D.E. 44 at 12. Those pages cite to a "Settlement Communication" in which The City Parties requested that The Albany Lions Club "remove the Cross and relinquish their easement" -  but as a part of a "proposal as an offer of settlement of threatened litigation."  Exh. DD. A settlement proposal is not a revocation of decades-long practice. It's a proposal.

In fact, in a letter dated October 10, 2017, the City acknowledges not only the legitimacy of the easement, but actually gave <u>assistance</u> to The Albany Lions Club, while reasonably disclaiming said assistance in order to preserve its legal defenses:

> [T]he City's actions in no way represent an admission, acknowledgement or agreement that the lighting of the unconstitutional cross on September 11, 2017 or any other past,

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

> present or future dates is a permissible activity *within the scope of any rights The Lions Club may possess arising out of the easement recorded on August 24, 1973 pertaining to ingress and egress for maintenance of the then-existing unconstitutional cross.*

Exh. UUU to the Declaration of Robert Nichols in support of The Lions Club Of Albany, California And The Albany Lions Club Foundation's Opposition To Motion For Summary Judgment (emphasis added). This isn't a revocation, of anything. It is a recognition with a reservation of rights.

### iv. Counter-Defendants are entitled to summary judgment on the claim of nuisance because the electrical wiring is statutorily permitted and there is no case holding a religious symbol a nuisance.

Counter-Claimants concede that none of the individual Counter-Claimants have claims for public or private nuisance, except they assert that Counter-Claimant Nason has a claim for public nuisance. Opp. 17:2-5. But she does not. The United States Supreme Court rejected a "heckler's veto" in a case where a school argued that it was constitutionally required to bar a religious club from meeting on campus like other clubs, because of the possibility that some students would think the school was thereby endorsing religion. "We decline to employ Establishment Clause jurisprudence using a modified heckler's veto, in which a group's religious activity can be proscribed on the basis of what [some] members of the audience might misperceive." *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 119 (2001); *see also Reno v. ACLU,* 521 U.S. 844, 880 (1997) (rejecting "powers of censorship, in the form of a 'heckler's veto'"). Similarly here, Nason should not be able to use nuisance law to effect a "heckler's veto" over The Albany Lions Club's display of the Cross because she is uncomfortable with the symbol.

Counter-Claimants do not even address, and thereby concede, Counter-Defendants' argument that California Public Utilities Commission General Order 95, Section III, Rule 35 explicitly provides that the utility company is responsible for correcting any damaged insulation resulting from the friction between the vegetation and conductor, and that the electric lines' presence in the eucalyptus foliage was not – and is not – a nuisance under the law.

1    In a last ditch effort, Counter-Claimants pivot to the Cross itself, claiming that a "considerable number of persons" find the mere presence of the Cross to be indecent, and that this general dislike is sufficient to constitute a public nuisance. Counter-Claimants fail to cite to any case that has ever ruled a religious symbol to be a nuisance, instead quoting an ancient decision about something else entirely: "A nuisance may be merely a right thing in the wrong place." *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 388 (1926). *Euclid* did not involve religious symbols, and isn't even a nuisance case: it discusses common law nuisance as an analogy in an action determining the validity of legislative classification for zoning purposes.

Moreover, Counter-Claimants' cases could not be more factually inapplicable. In brief: *People ex rel. Busch v. Projection Room Theater*, 17 Cal. 3d 42 (1976) dealt with the display of pornographic materials; *Newhall Land & Farming Co. v. Superior Court*, 19 Cal. App. 4th 334 (1993) and *Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125 (1991) involved the discharge of hazardous waste; *Adams v. MHC Colony Park, Ltd. P'ship*, 224 Cal. App. 4th 601 (2014) was a suit by residents of a mobile home park for poor facility management; and *Koll-Irvine Ctr. Prop. Owners Ass'n v. Cty. of Orange*, 24 Cal. App. 4th 1036 (1994) involved explosive tanks of jet fuel.

A cross is not porn. It does not leach chemicals into the ground or in the water, or potentially result in an explosion leveling a neighborhood. This action is not about a residential sewer system or discarded RVs. Counter-Claimants do not cite a case on point because there is none to support their outlandish claims of nuisance.

The broad classification of religious symbols as public nuisances that Counter-Claimants argue would make virtually every religious symbol in the country fair game for nuisance suits. There is no warrant for such expansion of nuisance laws.

### v. Counter-Defendants are entitled to summary judgment on the declaratory relief claim because the Establishment Clause and the "No Preference" Clause do not apply to private entities.

Counter-Claimants do not address the fact that the First Amendment Establishment Clause and the California "No Preference" Clause are only applicable to governmental entities – not private entities.

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

Second, the opposition does not even address, much less distinguish, *Van Orden v. Perry*, 545 U.S. 677 (2005), *Salazar v. Buono*, 559 U.S. 700 (2010), and related cases discussed in the moving papers. Motion, pp. 22-27. Thus, even apart from the public-private distinction, Counter-Claimants are simply wrong on the constitutional issues.

Third, the "controlling … decisions" cited by Counter-Claimants involve crosses that were erected or maintained by government actors, often directly with government funds. *Fox v. Los Angeles*, 22 Cal. 3d 792 (1978); *Ellis v. City of La Mesa*, 990 F.2d 1518 (9th Cir. 1993); *Separation of Church & State Comm. v. City of Eugene*, 93 F.3d 617 (9th Cir. 1996); *Buono v. Norton*, 371 F.3d 543 (9th Cir. 2004); *Trunk v. City of San Diego*, 629 F.3d 1099 (9th Cir. 2011)

*Buono v. Norton* is an earlier stage of a decision discussed in Counter-Defendants' moving papers, *Salazar v. Buono*, 559 U.S. 700 (2010). *Salazar* approved as constitutional a large, white Christian cross erected by members of the Veterans of Foreign Wars (VFW) on federal land in the Mojave Desert. As in the present case, the cross stood for many years before its constitutionality was questioned. During the pendency of the case, Congress passed the Department of Defense Appropriations Act, 2004, § 8121(a), which directed the Secretary of the Interior to transfer the cross and the land on which it stands to the VFW in exchange for privately owned land elsewhere in the land preserve.

The United States Supreme Court held that the VFW's large, white Christian cross may remain. Justice Anthony Kennedy explained, "The goal of avoiding governmental endorsement does not require eradication of all religious symbols in the public realm. A cross by the side of a public highway marking, for instance, the place where a state trooper perished need not be taken as a statement of governmental support for sectarian beliefs. The Constitution does not oblige government to avoid any public acknowledgment of religion's role in society." *Salazar*, *supra*, 559 U.S. at 718-719.

Another case cited by Counter-Claimants, *Separation of Church & State Comm. v. City of Eugene*, did not involve the California Constitution, but, rather, the Oregon and United States Constitution. This 1993 decision and its discussion of the Establishment Clause have since been superseded by *Van Orden*, *Salazar*, and related cases discussed in the moving papers (pp. 22-27),

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

all of which Counter-Claimants fail to distinguish in their opposition.

Counter-Claimants also suggest that the California Constitution's "No Preference" Clause provides broader protection than the U.S Constitution's Establishment Clause. The Ninth Circuit and the California Supreme Court have ruled differently. "[A] governmental action that satisfies the [*Lemon*] test … necessarily passes muster under the California No Preference Clause." *Barnes-Wallace v. City of San Diego*, 704 F.3d 1067, 1082 (9th Cir. 2012), citing *East Bay Asian Local Dev. Corp. v. Cal.*, 24 Cal. 4th 693 (2000).

"Accordingly, we need not separately analyze the plaintiffs' claims under these state constitutional provisions because our disposition of this case requires us to address the plaintiffs' federal Establishment Clause claims." *Id*.; *see also Am. Humanist Ass'n v. City of Lake Elsinore* (C.D.Cal. Feb. 25, 2014, No. 5:13-cv-00989-SVW-OPx) 2014 U.S.Dist.LEXIS 25180, at *15 ["[B]ecause the California Supreme Court in *East Bay* found the *Lemon* test to also govern the analysis under California's Establishment and No Preference Clauses, this Court applies the *Lemon* test to both the state and federal constitutional issues in question in the instant case."]; *Davies v. L.A. Cnty. Bd. of Supervisors* (C.D.Cal. 2016) 177 F. Supp. 3d 1194, 1215 ("[T]he Court treats the protections of article I, section 4's No Preference Clause as coterminous with those of the U.S. Constitution's Establishment Clause, such that application of the *Lemon* test, discussed *infra*, decides plaintiffs' claim under both California's No Preference Clause and the First Amendment."].)

And here, there was no violation of the *Lemon* test. As held by the trial court in *Thompson v. Call*:

> The primary effect of the acceptance of the Call Parcel by the City – the addition of 1.1 acres of land to the City's park system – neither advanced nor inhibited religion; rather, the primary effect was to provide additional park land to the City and had negligible, if any, effect on any religious freedom. The acceptance of the Call Parcel by the City did not constitute excessive governmental entanglement with religion. *The acceptance by the City of real property encumbered by an easement for ingress and egress for the maintenance of a cross did not constitute action in violation of the First Amendment to the United States Constitution or any law, statutory or decisional*.

Exhibit TTT to the RFJN (1978 Judgment) at 20:16-20:20; 22:22-23:10 (emphasis added). It

1  does not matter that neither Counter-Defendant was a party to that case. The application of claim
2  preclusion focuses on three questions: "(1) was the previous adjudication on the merits, (2) was it
3  final, and (3) does the current dispute involve the same 'claim' or 'cause of action'?" *Robi v.*
4  *Five Platters, Inc.*, 838 F.2d 318, 324 (9th Cir. 1988). All three elements are satisfied here. Even
5  if not, the underlying facts have not changed, and the same result should obtain. There has been
6  no violation of either the United States Constitution's Establishment Clause, or the California
7  Constitution's "No Preference" Clause.

### C.  Conclusion

Counter-Claimants' suit is meritless, and apparently purely retaliatory.  The Court should grant Counter-Defendants The Lions Club of Albany, California and The Albany Lions Foundation summary judgment, or, in the alternative, partial summary judgment.

Respectfully submitted,

Dated: April 26, 2018                    GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Don Willenburg
Attorney for Counter-Defendants
The Lions Club of Albany, California and
The Albany Lions Foundation

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. One of my business addresses is: Gordon Rees Scully Mansukhani, LLP, 1111 Broadway, Suite 1700, Oakland, CA.  I served the within document(s):

**REPLY TO COUNTER-CLAIMANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT BY COUNTER-DEFENDANTS THE LIONS CLUB OF ALBANY, CALIFORNIA AND THE ALBANY LIONS CLUB FOUNDATION**

I declare under penalty of perjury under the laws of the State of California the above is true and correct. Executed on April 25, 2018, at Oakland, California.

*/s/ Andrea K. Bean*
_____
ANDREA K. BEAN