1   Craig Labadie, State Bar No. 101681
    Law Offices of Craig Labadie
2   21C Orinda Way, #354
    Orinda, CA 94563
3   Telephone:   (925) 250-5424
    Email:       clabadie@albanyca.org
4

5   Gregory M. Fox, State Bar No. 070876
    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
6   2749 Hyde Street
    San Francisco, California 94109
7   Telephone:   (415) 353-0999
    Facsimile:   (415) 353-0990
8   Email:       gfox@bfesf.com

9
    Attorneys for Defendants/Counterclaimants
10  THE CITY OF ALBANY, LANCE CALKINS,
    JEFF BOND, PENELOPE LEACH CRUMPLEY,
11  PETER MAASS and ANA ROCHELLE NASON

12  (Attorneys continued on next page)

13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16  THE LIONS CLUB OF ALBANY, CALIFORNIA,      Case No. 3:17-cv-05236-WHA

17          Plaintiff,
                                               **DEFENDANTS CITY OF ALBANY, LANCE
18  v.                                         CALKINS, JEFF BOND, PENELOPE LEACH
                                               CRUMPLEY, PETER MAASS AND ANA
19  THE CITY OF ALBANY, LANCE CALKINS,         ROCHELLE NASON'S AMENDED ANSWER
    JEFF BOND, PENELOPE LEACH CRUMPLEY,        TO PLAINTIFF'S COMPLAINT AND
20  PETER MAASS, ROCHELLE A. NASON, and        COUNTERCLAIM AGAINST THE LIONS
    DOES 1 through 50;                         CLUB OF ALBANY, CALIFORNIA, THE
21                                             ALBANY LIONS CLUB FOUNDATION, INC.
          Defendants,                          AND THE LIONS CLUB INTERNATIONAL
22  THE CITY OF ALBANY, LANCE CALKINS,
    JEFF BOND, PENELOPE LEACH CRUMPLEY,        **DEFENDANT'S DEMAND FOR JURY TRIAL**
23  PETER MAASS AND ANA ROCHELLE NASON,

24          Counter-claimants,

25  v.

26  THE LIONS CLUB OF ALBANY, CALIFORNIA,
    THE ALBANY LIONS CLUB FOUNDATION,
27  INC., THE LIONS CLUB INTERNATIONAL, and
    ROES 1-30,

28          Counter-defendants.               **Hon. William H. Alsup**

---

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

Bridget A. Clarke, State Bar No. 161320
Andrew J. Dhuey, State Bar No. 161286
456 Boynton Avenue
Berkeley, California 94707
Telephone:   (510) 528-7755
Email:        baclarke@comcast.net;  ajdhuey@comcast.net

Attorneys for Defendant/Counterclaimant
ANA ROCHELLE NASON

**INTRODUCTION**

Defendants the CITY OF ALBANY ("CITY"), LANCE CALKINS ("CALKINS"), JEFF BOND ("BOND"), PENELOPE LEACH CRUMPLEY ("CRUMPLEY"), PETER MAASS ("MAASS") and ANA ROCHELLE NASON, erroneously sued herein as Rochelle A. Nason ("NASON") hereby demand a jury trial in the above-captioned matter; bring the attached Counterclaim against Plaintiff THE LIONS CLUB OF ALBANY, CALIFORNIA, a nonprofit organization, THE ALBANY LIONS CLUB FOUNDATION, INC., a nonprofit organization, and THE LIONS CLUB INTERNATIONAL, a nonprofit organization; and submit the following answer to Plaintiff's Complaint filed on or about September 12, 2017, incorporating herein by reference the claims and allegations of the attached Counterclaim. Plaintiff's Complaint and defendants' Answer and Counterclaim refer interchangeably to a "cross," "Cross," "Lions Club Cross" and "Lions Cross,"  which is a 15 to 20 feet high Latin Cross located on CITY park property, southeast of the peak of Albany Hill above Taft Street, and faces east towards the Berkeley Hills. Plaintiff and defendants/counterclaimants dispute ownership of the Cross. Reference to the "cross," "Cross," "Lions Club Cross" and "Lions Cross" herein in the Answer and Counterclaim refers to this Cross, to which ownership is disputed.

**ANSWER TO "PARTIES"**

1.       Answering paragraph 1:  Defendants admit on information and belief that the Lions Club of Albany, California is a nonprofit corporation and a public service organization chartered by Lions Club International.  Defendant lacks sufficient information or belief as to the Lions Club of Albany's agent for service of process, and on this ground, denies said allegation.

2.       Answering paragraph 2:  Defendants admit that the City of Albany is a municipal entity with the capacity to sue and be sued, that it is a charter city organized pursuant to the Constitution and laws of the State of California, and located in Alameda County, California.

3.       Answering paragraph 3:  Defendants admit on information and belief that Lance Calkins is sued herein in both his personal and official capacity, that he is a natural person, a citizen of the United States and a resident of the State of California and that he is the Fire Chief of the City of Albany commencing his duties as Fire Chief on or about August 4, 2013 until the present.  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

the allegations.

4.      Answering paragraph 4:  Defendants admit on information and belief that Jeff Bond is sued herein in both his personal and official capacity, that he is a natural person, a citizen of the United States and a resident of the State of California and that he is the Community Development Director of the City of Albany commencing his duties on or about September 2011 until the present.  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

5.      Answering paragraph 5:  Defendants admit on information and belief that Penelope Leach Crumpley is sued herein in both her personal and official capacity, that she is a natural person, a citizen of the United States and a resident of the State of California and that she is the City Manager of the City of Albany.  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

6.      Answering paragraph 6:  Defendants admit on information and belief that Peter Maass is sued herein in both his personal and official capacity, that he is a natural person, a citizen of the United States and a resident of the State of California and that he is a member of the City Council of the City of Albany, elected in November 2012, and previously served as the Mayor of the City of Albany. Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

7.      Answering paragraph 7:  Defendants admit on information and belief that Ana Rochelle Nason is sued herein in both her personal and official capacity, that she is a natural person, a citizen of the United States and a resident of the State of California and that she is a member of the City Council of the City of Albany.  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

8.      Answering paragraph 8:  Defendants admit that Ana Rochelle Nason attended law school at Hastings college of Law, San Francisco.

9.      Answering paragraph 9:  Defendants admit that Ana Rochelle Nason was admitted to the State Bar of California on December 11, 1987, and became an inactive member on February 2, 2015.

10.      Answering paragraph 10:   Defendants lack sufficient information or belief as to the

2

allegations in this paragraph, and, on this ground deny the allegations contained therein.

## ANSWER TO "JURISDICTION"

11.     Answering paragraph 11: Defendants neither admit nor deny the allegations in this paragraph, as they are matters of law not appropriate for admission or denial.  The Northern District of California has jurisdiction for the state and federal claims.

## ANSWER TO "VENUE"

12.     Answering paragraph 12: Defendants neither admit nor deny the allegations in this paragraph, as they are matters of law not appropriate for admission or denial.  The Northern District of California has jurisdiction for the state and federal claims.

## ANSWER TO "STATEMENT OF FACTS"

13.     Answering paragraph 13:  Defendants admit on information and belief that in or about 1971 and/or 1974, Plaintiff constructed a steel and plexiglass Lions Cross on real property owned by Hubert Call and Ruth Call until 1973, that the Lions Cross stands approximately 20 feet high, and that it is visible from some areas of the city when illuminated.  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

14.     Answering paragraph 14:  Defendants admit on information and belief that on or about August 17, 1973, Hubert and Ruth Call granted to the Lions Club of Albany, Lions Club International, an easement for ingress and egress to maintain the existing cross standing on a portion of the premises described in the Grant Deed.  Defendants deny that Hubert and Ruth Call granted to the Lions club an easement for ingress and egress for any other purpose except as stated in the easement document.

15.     Answering paragraph 15: Defendants admit on information and belief that in the past Plaintiff has illuminated the Lions Cross during the Christmas and Easter holiday seasons and recently has illuminated the Lions Cross on other dates.  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

16.     Answering paragraph 16:  Defendants admit on information and belief that on or about August 17, 1973, Hubert and Ruth Call sold to Cebert Properties, Inc. property described as Lots 1 through 18, in Block 8, as shown on a plat of Cerrito Hill, Alameda County, California, filed in the office of the recorder of said county on May 13, 1909, in Map Book 24, Page 70; excepting therefrom that

3

portion thereof conveyed to the City of Albany, a municipal corporation, by Deed dated August 29, 1960, recorded January 4, 1961, under Recorder's Series No. AS/637, Alameda County Records.  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

17.     Answering paragraph 17:  Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

18.     Answering paragraph 18:  Defendants admit that on or about August 21, 1973 the Albany City Council adopted a resolution accepting the donation of the former Call property from Cebert Properties, Inc.

19.     Answering paragraph 19: Defendants admit on information and belief that the City of Albany took no legal action against the Lions Club easement from 1973 to September 1, 2016 and except as admitted denies the remaining allegations based on information and belief and a lack of information and belief as to all remaining allegations.

20.     Answering paragraph 20:  Defendants admit on information and belief that the City of Albany prior to September 1, 2016 filed no legal action against the easement and did not prevent access to the Lions Cross, maintenance of the cross and illumination of the Lions Cross by Plaintiff and except as admitted deny the remaining allegations based on information and belief and a lack of information and belief.

21.     Answering paragraph 21:  Defendants admit on information and belief that at all times prior to September 1, 2016 the City of Albany had a key to a lock for the  gate on the north end of the property that restricts vehicle access to the property to all but City of Albany and Lions Club vehicles but denies on information and belief that the City provided the Plaintiff with a means of unlocking the subject gate during that time period.

22.     Answering paragraph 22: Defendants admit on information and belief that on or about November 2015 a group calling themselves the "East Bay Atheists" sent an open letter objecting to the Lions Cross on the City property, and claiming the Lions Cross was structurally unsound and the utility line connected to the Lions Cross was dangerous.

23.     Answering paragraph 23: Admit on information and belief except deny that the sole

4

1   reason for the City expressed concerns regarding the safety of the electrical service was because it ran

2   through the branches of a tree.   The defective electrical line was attached to the tree and not properly

3   insulated.

4         24.    Answering paragraph 24:   Deny based on information and belief.   The exposed wire

5   presented a clear and present danger to the community given it was attached to a tree and not properly

6   insulated and because of the ongoing drought occurring at that time the landscape was especially at risk

7   of fire.

8         25.    Answering paragraph 25:   Defendants admit that on or about November 24, 2015 Jeff

9   Bond, the Albany Community Development Director, requested the Lions Club to have the electrical line

10   to the Lions Cross disconnected by the end of December 2015, or the CITY would "initiate formal

11   proceedings under the Uniform Code for the Abatement of Dangerous Buildings and/or other applicable

12   laws to abate the public nuisance and achieve compliance with applicable codes."  Defendants deny on

13   information and belief the remaining allegations in this paragraph.

14         26.    Answering paragraph 26:   Defendants admit on information and belief that on or about

15   December 10, 2015, the Lions Club responded to Bond's correspondence and advised that the electrical

16   utility company, PG&E, was responsible for the repair and maintenance of the utility line from the pole

17   to the point of connection with the Lions Cross's electrical service.  Said letter speaks for itself.

18         27.    Answering paragraph 27:   Defendants lack sufficient information or belief as to the

19   allegations in this paragraph, and, on this ground deny the allegations.

20         28.    Answering paragraph 28:  Admit based on information and belief.

21         29.    Answering paragraph 29:  Defendants admit on information and belief that the December

22   10, 2015 letter to Bond from the Lions Club expressed concern that the City of Albany may have singled

23   out the Lions Cross on Albany Hill because it is a religious symbol, and that the Lions Club observed

24   numerous instances where electrical utility lines ran through tree branches.  The letter speaks for itself.

25   Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on

26   this ground deny the allegations.

27         30.    Answering paragraph 30:   Defendants lack sufficient information or belief as to the

28   allegations in this paragraph, and, on this ground deny the allegations.

31.     Answering paragraph 31:   Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

32.     Answering paragraph 32:   Defendants admit that on February 1, 2016, the Albany City Council conducted a public meeting concerning the Lions Cross.   Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

33.     Answering paragraph 33:   Admit on information and belief the allegations of this paragraph.

34.     Answering paragraph 34:   On information and belief admit Defendants Maass and Nason in their individual capacity attended a Lions Club meeting on or about February 4, 2016 and expressed their personal opinions about the Lions Cross to begin a dialogue with the Plaintiff and except as expressly admitted Defendants lack sufficient information and belief as to the remaining allegations in this paragraph and on that basis, deny the remaining allegations.

35.     Answering paragraph 35:  Deny based on information and belief.

36.     Answering paragraph 36:  Deny based on information and belief.

37.     Answering paragraph 37:  Deny based on information and belief.

38.     Answering paragraph 38:  Deny based on information and belief.

39.     Answering paragraph 39:  Admit.

40.     Answering paragraph 40:   Defendants lack sufficient information and belief as to the allegations in this paragraph and on that basis, deny the allegations.

41.     Answering paragraph 41:  Deny based on information and belief.

42.     Answering paragraph 42:   Defendants admit on information and belief that Defendants Crumpley, Calkins and Bond discussed the fire safety danger to the community because of the poor condition of the electrical power line attached to trees and passing through trees and the need to disconnect the power line to protect the public heath land safety.   There were alternatives for powering the illumination of the Lions Cross which were discussed with Plaintiff, but Plaintiff did not proceed with these recommendations.   Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

43.     Answering paragraph 43:  Defendants admit on information and belief that Calkins, acting

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

as the Fire Chief of the City of Albany, contacted officials at Pacific Gas and Electric Company (PG&E) regarding disconnecting the electrical utility service to the Lions Cross on Albany Hill; that Calkins again contacted PG&E on or about August 31, 2016; and Calkins stated, "I am meeting with my City Manager who is going to give the City Council an update."   Calkins acted because of his concern that the poor condition of the electrical line used to illuminate the Lions Cross was dangerous and a risk of fire to the community.   Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

44.     Answering paragraph 44:  Admit on information and belief defendant Calkins contacted PG&E about the risk of fire danger because of the poor condition of the electrical line used to illuminate the Lions Cross and except as expressly admitted denies the remaining allegations based on information and belief.

45.     Answering paragraph 45:  Defendants admit on information and belief that on or about September 1, 2016, PG&E disconnected the electrical utility service to the Lions Cross and denies the remaining allegations based on a lack of information and belief about the reasons why PG&E acted to disconnect the electrical line.

46.     Answering paragraph 46: Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

47.     Answering paragraph 47: Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

48.     Answering paragraph 48:  Deny based on information and belief.

49.     Answering paragraph 49:  Deny based on information and belief.

50.     Answering paragraph 50:  Defendants admit on information and belief Plaintiff wrote a letter which speaks for itself.

51.     Answering paragraph 51:  Defendants admit on information and belief that on or about September 6, 2016, Crumpley stated "We have scheduled a closed session with the City Council on October 3 to discuss the legal issues raised in your letters and possible next steps.  Electrical power to the Lions Cross was temporarily disconnected on September 1.  The City remains interested in seeking an amicable resolution of this dispute."  Defendants deny the remaining allegations in this paragraph based

7

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

on information and belief.

52.     Answering paragraph 52:  Defendants admit on information and belief that Plaintiff transmitted a letter September 7, 2016 to Defendant Crumpley asserting that the CITY's action constituted a taking of property without due process of law and without compensation, in violation of the 5th and 14th Amendments of the United States Constitution and Article 1 Sections 7 and 19 of the California Constitution.  Defendants deny based on information and belief that the CITY engaged in any unconstitutional conduct under federal or state Constitutions and deny the allegations of such unlawful conduct.

53.     Answering paragraph 53:  Admit on information and belief the existence of said letter which speaks for itself.  Defendants deny based on information and belief that the CITY engaged in any unconstitutional conduct under federal or state Constitutions and deny the allegations of such unlawful conduct.

54.     Answering paragraph 54: Admit on information and belief the existence of said letter which speaks for itself.  Defendants deny based on information and belief that the CITY engaged in any unconstitutional conduct under federal or state Constitutions and deny the allegations of such unlawful conduct.

55.     Answering paragraph 55:  Deny based on information and belief.

56.     Answering paragraph 56:  Deny based on information and belief and deny further because City Council closed sessions are confidential and privileged and attorney client communications are confidential and privileged.

57.     Answering paragraph 57:  Deny based on information and belief.

58.     Answering paragraph 58:  Deny based on information and belief.

59.     Answering paragraph 59:  Defendants admit that a letter dated October 19, 2016 was submitted to Plaintiff on behalf of the City of Albany and said letter speaks for itself. Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

60.     Answering paragraph 60:  Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

61.     Answering paragraph 61:  Admit on information and belief.

62.     Answering paragraph 62:  Admit based on information and belief that Defendant Nason on or about December 18, 2016 made a public statement and said statement speaks for itself.

63.     Answering paragraph 63:  Admit based on information and belief that Defendant Nason on or about December 19, 2016 made a public statement and said statement speaks for itself.

64.     Answering paragraph 64:  Admit based on information and belief that Defendant Nason on or about December 19, 2016 made a public statement and said statement speaks for itself.

65.     Answering paragraph 65:  Deny based on information and belief.

66.     Answering paragraph 66:  Deny based on information and belief.

67.     Answering paragraph 67:  Defendants admit on information and belief that on or about December 14, 2016, Defendant Calkins acknowledged that PG&E's legal counsel suggested PG&E is responsible for addressing safety issues related to the electrical service line and the letter speaks for itself. Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

68.     Answering paragraph 68:  Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

69.     Answering paragraph 69:  Defendants admit on information and belief that electrical power was restored after PG&E replaced the defective electrical power line on or about December 15, 2016, lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

70.     Answering paragraph 70: Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

71.     Answering paragraph 71:  Defendants admit that the Albany City Council, including Defendants Maass and Nason issued a public statement stating in part, "[T]he City Council feels the presence of the Lions Cross in the public park is inappropriate … [¶] The presence of the Lions Cross in the public park is at odds with the inclusive values the City encourages, and the City will continue to explore all options for its removal."  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

72.     Answering paragraph 72:  Deny based on information and belief. There were alternatives for powering the illumination of the Lions Cross which were discussed with Plaintiff, but Plaintiff did not proceed with these recommendations.

73.     Answering paragraph 73:  Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

74.     Answering paragraph 74:  Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.  There were alternatives for powering the illumination of the Lions Cross which were discussed with Plaintiff, but Plaintiff did not proceed with these recommendations.

75.     Answering paragraph 75:  Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.  There were alternatives for powering the illumination of the Lions Cross which were discussed with Plaintiff, but Plaintiff did not proceed with these recommendations.

76.     Answering paragraph 76:  Deny based on information and belief. There were alternatives for powering the illumination of the Lions Cross which were discussed with Plaintiff, but Plaintiff did not proceed with these recommendations.

77.     Answering paragraph 77:  Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

78.     Answering paragraph 78:  Deny.

79.     Answering paragraph 79:  Admit.

80.     Answering paragraph 80:  Admit.

## ANSWER TO FIRST CAUSE OF ACTION
## (VIOLATION OF THE 14th AMENDMENT OF THE UNITED STATES CONSTITUTION)
## (DUE PROCESS -- 42 USC §§ 1983, 1988)

81.     Answering paragraph 81:  Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

82.     Answering paragraph 82:  Defendants deny each and every allegation contained in this paragraph.

10

83.     Answering paragraph 83:  Defendants deny each and every allegation contained in this paragraph.

84.     Answering paragraph 84:  Defendants deny each and every allegation contained in this paragraph.

85.     Answering paragraph 85:  Defendants deny each and every allegation contained in this paragraph.

86.     Answering paragraph 86:  Defendants lack sufficient information or belief as to whether the Lions Club incurred or paid utility expenses for electricity to the Lions Cross on Albany Hill, and, on this ground deny the allegations. Defendants deny each and every remaining allegation contained in this paragraph, and deny that Plaintiff was damaged in any sum or sums or that it is entitled to any award as alleged or at all.

87.     Answering paragraph 87:  Defendants deny each and every allegation contained in this paragraph.

88.     Answering paragraph 88:  Defendants deny each and every allegation contained in this paragraph.

89.     Answering paragraph 89:  Defendants deny each and every allegation contained in this paragraph.

90.     Answering paragraph 90:  Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO SECOND CAUSE OF ACTION
## (INTERFERENCE WITH RIGHTS SECURED BY THE CALIFORNIA CONSTITUTION ARTICLE I, SECTION 7) (RIGHT TO DUE PROCESS)

91.     Answering paragraph 91:  Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

92.     Answering paragraph 92:  Defendants neither admit nor deny the allegations in this paragraph, as they are matters of law not appropriate for admission or denial.

93.     Answering paragraph 93:  Defendants deny each and every allegation contained in this paragraph.

11

94.     Answering paragraph 94:  Defendants deny each and every allegation contained in this paragraph.

### ANSWER TO THIRD CAUSE OF ACTION
### (VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION) (EQUAL PROTECTION/RELIGIOUS DISCRIINATION -- 42 USC §§§ 1983, 1988 AND 2000cc (b))

95.     Answering paragraph 95:  Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

96.     Answering paragraph 96:  Defendants admit on information and belief that defendants Calkins and Bonds requested the electrical utility service to the Lions Cross to be disconnected. Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

97.     Answering paragraph 97:  Defendants deny each and every allegation contained in this paragraph.

98.     Answering paragraph 98:  Defendants deny each and every allegation contained in this paragraph.

99.     Answering paragraph 99:  Defendants deny each and every allegation contained in this paragraph.

100.     Answering paragraph 100:  Defendants deny each and every allegation contained in this paragraph.

101.     Answering paragraph 101:  Defendants deny each and every allegation contained in this paragraph.

### ANSWER TO FORTH [SIC] CAUSE OF ACTION
### (INTERFERENCE WITH RIGHTS SECURED BY THE CALIFORNIA CONSTITUTION ARTICLE I, SECTION 4, 7) (EQUAL PROTECTION/RELIGIOUS DISCRIMINATION)

102.     Answering paragraph 102:  Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

103.     Answering paragraph 103:  Defendants neither admit nor deny the allegations in this paragraph, as they are matters of law not appropriate for admission or denial.

104.     Answering paragraph 104:  Defendants neither admit nor denies the allegations in this paragraph, as they are matters of law not appropriate for admission or denial.

105.     Answering paragraph 105:  Defendants deny each and every allegation contained in this paragraph.

106.     Answering paragraph 106:  Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO FIFTH CAUSE OF ACTION
## (VIOLATION OF CALIFORNIA LAW)
## (UNLAWFUL INTERFERENCE WITH EASEMENT)

107.     Answering paragraph 107:  Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

108.     Answering paragraph 108:   Defendants admit on information and belief that an easement purportedly was granted to the Lions Club of Albany by the Calls to maintain the Lions Cross. Defendants deny each and every remaining allegation contained in this paragraph.

109.     Answering paragraph 109:  Defendants deny each and every allegation contained in this paragraph.

110.     Answering paragraph 110:  Defendants admit on information and belief that on or about September 1, 2016 Defendant Calkins requested an emergency disconnection by PG&E of the electrical utility service to the Lions Cross.  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

111.     Answering paragraph 111: Defendants lack sufficient information or belief as to the allegations in this paragraph, and, on this ground deny the allegations.

112.     Answering paragraph 112:  Defendants deny each and every allegation contained in this paragraph.

113.     Answering paragraph 113:  Defendants deny each and every allegation contained in this paragraph.

114.     Answering paragraph 114:  Defendants deny each and every allegation contained in this paragraph, and deny that Plaintiff was damaged in any sum or sums or that it is entitled to any award as

13

alleged or at all.

115.    Answering paragraph 115:  Defendants admit that Defendants have publicly expressed their belief that the presence of the Lions Cross in the public park is inappropriate and the desire for its removal from the public park.  Defendants deny each and every remaining allegation contained in this paragraph.

116.    Answering paragraph 116:  Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO SIXTH CAUSE OF ACTION
## (VIOLATION OF CALIFORNIA LAW)
## (UNLAWFUL TAKING OF PROPERTY WITHOUT COMPENSATION)

117.    Answering paragraph 117:  Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

118.    Answering paragraph 118:  Defendants neither admit nor deny the allegations in this paragraph, as they are matters of law not appropriate for admission or denial.

119.    Answering paragraph 119:  Defendants admit on information and belief that on or about September 1, 2016 Defendant Calkins requested an emergency disconnection by PG&E of the electrical utility service to the Lions Cross.  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

120.    Answering paragraph 120:  Defendants deny each and every allegation contained in this paragraph, and deny that Plaintiff was damaged in any sum or sums or that it is entitled to any award or compensation as alleged or at all.

121.    Answering paragraph 121:  Defendants deny each and every allegation contained in this paragraph.

122.    Answering paragraph 122:  Defendants deny each and every allegation contained in this paragraph, and deny that Plaintiff was damaged in any sum or sums or that it is entitled to any award or compensation as alleged or at all.

123.    Answering paragraph 123:  Defendants deny each and every allegation contained in this paragraph, and deny that Plaintiff was damaged in any sum or sums or that it is entitled to any award or

14

compensation as alleged or at all.

124.    Answering paragraph 124:  Defendants admit that Defendants have publicly expressed their belief that the presence of the Lions' Cross in the public park is inappropriate and the desire for its removal from the public park.  Defendants deny each and every remaining allegation contained in this paragraph.

125.    Answering paragraph 125:  Defendants deny each and every allegation contained in this paragraph, and deny that Plaintiff was damaged in any sum or sums or that it is entitled to any award or compensation as alleged or at all.

126.    Answering paragraph 126:  Defendants deny each and every allegation contained in this paragraph, and deny that Plaintiff was damaged in any sum or sums or that it is entitled to any award or compensation as alleged or at all.

## ANSWER TO SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION) (FREE SPEECH – 42 USC §§ 1983, 1988)

127.    Answering paragraph 127:  Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

128.    Answering paragraph 128:  Defendants admit on information and belief that the illumination and display of the Lions' Cross on Albany Hill communicates messages associated with religion and religious holidays. Defendants deny that the Lions Cross on Albany Hill is or has been an act of protected free speech.  Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

129.    Answering paragraph 129:  Defendants deny each and every allegation contained in this paragraph.

130.    Answering paragraph 130:  Defendants deny each and every allegation contained in this paragraph.

131.    Answering paragraph 131:  Defendants deny each and every allegation contained in this paragraph.

132.    Answering paragraph 132:  Defendants deny each and every allegation contained in this

15

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

paragraph.

133.    Answering paragraph 133:  Defendants deny each and every allegation contained in this paragraph.

### ANSWER TO EIGHTH CAUSE OF ACTION
### (VIOLATION OF THE CALIFORNIA CONSTITUTION ARTICLE I § 2)
### (FREE SPEECH)

134.    Answering paragraph 134:  Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

135.    Defendants neither admit nor deny the allegations in this paragraph, as they are matters of law not appropriate for admission or denial.

136.    Answering paragraph 136:  Defendants deny each and every allegation contained in this paragraph.

137.    Answering paragraph 137:  Defendants deny each and every allegation contained in this paragraph, and deny that Plaintiff was damaged in any sum or sums or that it is entitled to any award or compensation as alleged or at all.

138.    Answering paragraph 138:  Defendants deny each and every allegation contained in this paragraph, and deny that Plaintiff was damaged in any sum or sums or that it is entitled to any award or compensation as alleged or at all.

### ANSWER TO NINTH CAUSE OF ACTION
### (VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION)
### (FREE EXERCISE OF RELIGIOUS EXPRESSION 42 U.S.C. §§ 1983, 1988)

139.    Answering paragraph 139:  Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

140.    Answering paragraph 140:  Defendants admit on information and belief that the illumination and display of the Lions' Cross on Albany Hill is and has been a religious exercise, reminding and drawing attention to the religious significance of the Christmas and Easter holidays. Defendants lack sufficient information or belief as to the remaining allegations in this paragraph, and, on this ground deny the allegations.

16

141.    Answering paragraph 141:  Defendants deny each and every allegation contained in this paragraph.

142.    Answering paragraph 142:  Defendants deny each and every allegation contained in this paragraph.

143.    Answering paragraph 143:  Defendants deny each and every allegation contained in this paragraph.

144.    Answering paragraph 144:  Defendants deny each and every allegation contained in this paragraph.

145.    Answering paragraph 145:  Defendants deny each and every allegation contained in this paragraph.

## ANSWER TO TENTH CAUSE OF ACTION
## (VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE I § 4)
## (FREE EXERCISE AND ENJOYMENT OF RELIGION)

146.    Answering paragraph 146:  Defendants incorporate by reference herein each and every response to every paragraph of the complaint, inclusive, as if fully set forth herein.

147.    Answering paragraph 147:  Defendants neither admit nor deny the allegations in this paragraph, as they are matters of law not appropriate for admission or denial.

148.    Answering paragraph 148:  Defendants deny each and every allegation contained in this paragraph.

149.    Answering paragraph 149:  Defendants deny each and every allegation contained in this paragraph.

150.    Answering paragraph 150:  Defendants deny each and every allegation contained in this paragraph, and deny that Plaintiff was damaged in any sum or sums or that it is entitled to any award or compensation as alleged or at all.

## ANSWER TO "PRAYER FOR RELIEF"

151.    To the extent Defendants are deemed required to respond to plaintiff's prayer for relief, Defendants deny all allegations of the Prayer for Relief, deny Plaintiff is entitled to any injunction or order against Defendants, and deny Plaintiff was damaged in any sum or sums or that it is entitled to any

1  award or recovery against Defendants as alleged.

2  **ANSWER TO "JURY DEMAND"**

3      152.    To the extent Defendants are deemed required to respond to plaintiff's Jury Demand,

4  Defendants admit on information and belief that Plaintiff demands a jury trial in this action.

5  **DEFENDANTS' AFFIRMATIVE DEFENSES**

6  **FIRST AFFIRMATIVE DEFENSE**

7      Plaintiff's complaint fails to state facts sufficient to constitute any cause of action against the

8  answering Defendants, and each of them.

9  **SECOND AFFIRMATIVE DEFENSE**

10  The damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or

11  negligent acts and/or omissions of persons or entities other than answering Defendants, including, but not

12  limited to, Plaintiff itself, and bars recovery.  In the event that any fault of answering Defendants is found

13  to have contributed to any such damages, Plaintiff's recovery, if any, from answering Defendants is

14  limited to that percentage of Plaintiff's damages equal to the percentage by which answering Defendants'

15  fault contributed to said damages.

16  **THIRD AFFIRMATIVE DEFENSE**

17      Plaintiff failed and neglected to use reasonable care to protect itself, voluntarily consented to and

18  participated in the acts complained of, and/or failed to mitigate damages, and said failure proximately

19  contributed to the events and damages alleged in the complaint.

20  **FOURTH AFFIRMATIVE DEFENSE**

21      Plaintiff's claims are barred by the doctrines of laches, waiver, unclean hands, issue preclusion,

22  equitable estoppel, collateral estoppel, res judicata, and by all applicable federal and state statutes of

23  limitation, including all claim filing requirements of the California Government Code Claims Act.

24  **FIFTH AFFIRMATIVE DEFENSE**

25      Defendants are immune from liability pursuant to California Government Code Section 815.6, as

26  all acts and/or omissions complained of by Plaintiffs were reasonable and/or exercised with reasonable

27  diligence within the meaning of said statute.

28

18

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by all applicable statutes of limitations and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities and employees such as Defendants, as well as California Government Code Sections 945.4 and 945.6 and related sections thereof.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants at all times referred to in Plaintiff's complaint acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are immune from liability for any actions that transpired at the time and place of the events complained of by reason of the statutory immunities contained in California Government Code, Title I, Division 3.6, Sections 810, et seq., including, but not limited to, Sections 815, 815.2(b), 815.4, 815.6, 818, 818.6, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821.4, 821.6, 821.8 and 822.2, 840, 845.6, 855.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendants' acts was not a substantial or proximate cause of any injury to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 815.2 and 820.2, as all acts and/or omissions complained of by Plaintiffs were discretionary acts within the meaning of said statute.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily assumed the risk of injuries and damages claimed in this case, or related to or arising out of the alleged incidents and conduct, and said assumption of risk acts as a complete bar to any recovery in this matter.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of any government claim(s) presented to these answering Defendants and Defendants' employer, a public entity.

## THIRTEEN AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Sections 820.4 and 820.6, as answering Defendants exercised due care in the execution and enforcement of the law relative to Plaintiff and/or are immune for invalid or inapplicable enactments.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 821.6 for instituting/prosecuting any and all judicial proceedings which relate to the subject dispute or property.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability, as Plaintiffs' allegations do not rise to the level of any constitutional violation under the First, Fifth or Fourteenth Amendments of the United States Constitution or the applicable provisions of the California Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action is a prohibited SLAPP action and Defendants and each of them are entitled to protection under the California anti-SLAPP provisions of the California Code of Civil Procedure Section 425.16.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants have fully performed their duties and obligations to Plaintiff, if any there be, contractual, fiduciary, or other, and no other duty or obligation to Plaintiff remains on behalf of these answering Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds, including, but not limited to California Civil Code Section 1624.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under California Government Code Sections 818.2 and 821 for failing to adopt an enactment or enforce any law, and under California Government Code Sections 818.4, 818.6, 821.2 and 821.4 for any alleged improper licensing activities and/or property inspections.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that the complaint was brought without reasonable cause and without a good

20

faith belief that there was a justifiable controversy under the facts or the law.  Defendants further allege that Plaintiff should be responsible for Defendants' necessary and reasonable defense fees and costs, as more particularly set forth in California Code of Civil Procedure Section 1038.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that, in the event Defendants are found to be liable, which is expressly denied herein, Defendants may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.* and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants and each of them are immune from liability under the federal doctrine of qualified good faith immunity as set forth in *Malley v. Briggs*, 475 U.S. 335 (1986), *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *Anderson v. Creighton*, 107 S.Ct. 3034 (1987), *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985) and other applicable statutory and judicial authorities.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to Government Code Section 818.4 and 821.2 for injuries or damages caused by alleged issuance, denial, suspension or revocation of, or by their alleged failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or authorization.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to allege a cause of action on any federal claim for relief and fails to state a claim for any constitutional violation under 42 U.S.C. Section 1983 against these answering Defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

No municipal policy, pattern or practice caused any deprivation of Plaintiff's federal civil rights, and thus under the doctrine of law announced in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and other applicable statutory and judicial authorities, Plaintiff is not entitled to judgment against answering Defendants.

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

Defendants' alleged acts were reasonable under all applicable federal and state statutory and

3

judicial authorities.   Defendants, and each of them are entitled to qualified immunity and all other

4

immunities provided by applicable federal or state statutory and judicial authorities.

5

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6

Plaintiff has been denied no state or federally protected civil right without due process of law, and

7

due process exists in the form of adequate remedies at law.   Plaintiff has failed to exhaust his

8

administrative remedies.

9

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

10

Defendants are immune from liability pursuant to all remaining applicable provisions of the

11

California Government Claims Act and other relevant state and federal statutes and/or regulations.

12

## TWENTY-NINTH AFFIRMATIVE DEFENSE

13

Answering Defendants allege that, at all times relevant hereto, Defendants and each of them acted

14

in good faith, without malice.

15

## THIRTIETH AFFIRMATIVE DEFENSE

16

Defendants allege that they have incurred damages by reason of Plaintiff's conduct and that they

17

have the right of offset of any amount of monies that may be owed to Plaintiff by way of damages, which

18

Defendants specifically deny that Plaintiff is owed in any amount or at all.

19

## THIRTY-ONE AFFIRMATIVE DEFENSE

20

Answering Defendants are informed and believe and thereon allege that the purported easement

21

was created for an illegal purpose in violation of California Civil Code Sections 1066 and 1598.

22

## THIRTY-SECOND AFFIRMATIVE DEFENSE

23

Answering Defendants are informed and believe and thereon allege that the purported easement is

24

invalid, void, extinguished, terminated, unenforceable and/or unconstitutional under the United States

25

and California Constitutions.

26

## THIRTY-THREE AFFIRMATIVE DEFENSE

27

Defendants allege that Plaintiff and its members, agents and representatives' acts are and were

28

void, voidable, invalid and unenforceable ultra vires acts.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to allege facts constituting a taking of, interference with or damage to Plaintiff's property rights for which it is entitled to compensation under state or federal law given the Lions Cross as it exists is unconstitutional under both United States and California Constitutions.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Lions Cross on public property is unconstitutional under both United States and California Constitutions and should be removed by Plaintiff forthwith and at no cost to Defendants.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant public entities are immune from liability pursuant to California Government Code Sections 815 and 815.2 for the acts of their employees who are immune from liability.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a legal or factual basis to support a prayer for punitive damages against these answering Defendants, and there is no statutory or other basis for the attorney's fees sought by Plaintiff.  Defendant CITY is by law not subject to punitive damages under federal and state laws and judicial authorities including but not limited to California Government Code Section 818.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants shall only be responsible, if at all, for damages in an amount determined pursuant to and in accordance with the "Fair Responsibility Act of 1986" (Commonly known as Proposition 51), California Civil Code Sections 1430, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants are immune from liability under the provisions of California Government Code Sections 810 through 996.6.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to file a sufficient claim as required under California Government Code Sections 910 *et seq.,* and other applicable provisions of law, and to the extent the complaint is at variance with the Government Claim, or attempts to enlarge or expand upon those allegations and theories, the claims are barred under the provisions of California Government Code Sections 905, 910, 911.2, 945.5, 950.2 and related provisions.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering punitive or exemplary damages against public entity Defendants, including the public entity Defendant herein, under Section 1983 and state law, pursuant to *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Mitchell v. Dupnik,* 75 F.3d 517, 527 (9th Cir. 1996); California Civil Code Section 3294, California Government Code  Section 818 and *Wilhite v. City of Bakersfield*, 2012 WL 273088 (E.D.Cal 2012).

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's inverse condemnation claim is barred because Defendants have not taken or damaged Plaintiff's property for a public use and said Lions Cross is unconstitutional under both United States and California Constitutions.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's property was not taken or damaged within the meaning of Article 1, Section 19 of the California Constitution because the property has not been invaded in a tangible manner or damaged and said Lions Cross is unconstitutional under both the United States and California Constitutions.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's property was not taken or damaged within the meaning of Article 1, Section 19 of the California Constitution because Defendants have not placed a burden on private property that is direct, substantial, and peculiar to the property itself and said Lions Cross is unconstitutional under both the United States and California Constitutions.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to damages because it has no particular property interest supporting a claim under inverse condemnation and said Lions Cross is unconstitutional under both the United States and California Constitutions.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claimed easement is invalid, and Defendants are not liable to Plaintiff in that any alleged conduct neither directly nor indirectly interfered with or created a condition that interfered with Plaintiff's free use of any property right and said Lions Cross is unconstitutional under both the United States and California Constitutions.

1

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

2      Defendants contend that if members, agents or representatives of the City of Albany are found to

3 have acquiesced, accepted or agreed to Plaintiff's claimed easement, such acts are and were void,

4 voidable, invalid and unenforceable ultra vires acts.

5      WHEREFORE Defendants pray that:

6      1.      Plaintiff take nothing by reason of its Complaint;

7      2.      That Plaintiff's claims for injunctive or other equitable relief be denied;

8      3.      Defendants be awarded their costs of suit incurred herein and their attorneys' fees

9 pursuant to 42 U.S.C. Section 1988 and all other applicable federal statutes and judicial authorities; and

10     4.      Defendants be granted such further relief as the Court deems proper.

11

12 Dated:  September 20, 2018                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

13

14                                              By: _____ /s/ Gregory M. Fox _____

15                                                  Gregory M. Fox
                                                   Attorneys for Defendants/Counterclaimants
16                                                 THE CITY OF ALBANY, LANCE CALKINS,
                                                   JEFF BOND, PENELOPE LEACH CRUMPLEY,
17                                                 PETER MAASS and ANA ROCHELLE NASON

18

19

20 Dated:  September 20, 2018                    LAW OFFICES OF CRAIG LABADIE

21

22                                              By: _____ /s/ Craig Labadie _____

23                                                  Craig Labadie
                                                   Attorneys for Defendants/Counterclaimants
24                                                 THE CITY OF ALBANY, LANCE CALKINS,
                                                   JEFF BOND, PENELOPE LEACH CRUMPLEY,
25                                                 PETER MAASS and ANA ROCHELLE NASON

26

27

28

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

**COUNTERCLAIM**
**BY DEFENDANTS/COUNTERCLAIMANTS THE CITY OF ALBANY, LANCE CALKINS,
JEFF BOND, PENELOPE LEACH CRUMPLEY, PETER MAASS AND ANA ROCHELLE
NASON AGAINST PLAINTIFF AND COUNTERDEFENDANTS THE LIONS CLUB OF
ALBANY, CALIFORNIA, a nonprofit organization, THE ALBANY LIONS CLUB
FOUNDATION, INC., a nonprofit organization, and THE LIONS CLUB INTERNATIONAL, a
nonprofit organization, AND ROES 1-30**

Defendants THE CITY OF ALBANY, LANCE CALKINS, JEFF BOND, PENELOPE LEACH CRUMPLEY, PETER MAASS and ANA ROCHELLE NASON, by and through their attorneys, Bertrand, Fox, Elliot, Osman & Wenzel, bring the instant counterclaim against Plaintiff THE LIONS CLUB OF ALBANY, CALIFORNIA, a nonprofit organization, THE ALBANY LIONS CLUB FOUNDATION, INC., a nonprofit organization, and THE LIONS CLUB INTERNATIONAL, a nonprofit organization, and hereby demand a jury trial in this action. Defendants' answer, set forth above, is incorporated herein by reference in its entirety, including the introduction.

**INTRODUCTION**

1.	Plaintiff THE LIONS CLUB OF ALBANY, CALIFORNIA brought this action against defendants/counterclaimants the CITY OF ALBANY, LANCE CALKINS, JEFF BOND, PENELOPE LEACH CRUMPLEY, PETER MAASS and ANA ROCHELLE NASON for violation of civil rights under 42 U.S.C. §§ 1983 and 1988, and for pendant state claims.

2.	Defendants' answer to Plaintiff's complaint is filed concurrently herewith, and incorporated herein by reference.

3.	Defendants/counterclaimants incorporate herein by reference the complaint on file in this action, solely for the purpose of reference and without admitting any allegation therein.

4.	Defendants/counterclaimants incorporate herein by reference their answer to the complaint filed by THE LIONS CLUB OF ALBANY as though set forth in full herein.

**JURISDICTION**

5.	Plaintiff/counter-Defendant THE LIONS CLUB OF ALBANY, CALIFORNIA brought this action against Defendants/counterclaimants. This court has supplemental jurisdiction over Defendants/counterclaimants' counterclaim under 28 U.S.C §1367(a).

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

**VENUE**

6.     Plaintiff/counter-Defendant's underlying action is venued in the Northern District of California, and venue of this counterclaim thus is proper in the Northern District of California under 28 U.S.C. Section 1391.

**PARTIES**

7.     Counterclaimant the CITY OF ALBANY (hereinafter the "CITY") is a municipal entity existing under the laws of the State of California.  The CITY has been named as a Defendant in the action brought by THE LIONS CLUB OF ALBANY, CALIFORNIA (hereinafter the "LIONS CLUB OF ALBANY").

8.     Counterclaimant LANCE CALKINS (hereinafter "CALKINS") is, and at relevant times mentioned herein, was employed by the CITY as the Fire Chief of the CITY of Albany and has been named as a Defendant in the action brought by the LIONS CLUB OF ALBANY.

9.     Counterclaimant JEFF BOND (hereinafter "BOND") is, and at relevant times mentioned herein, was employed by the CITY as the Community Development Director of the CITY of Albany and has been named as a Defendant in the action brought by the LIONS CLUB OF ALBANY.

10.    PENELOPE LEACH CRUMPLEY (hereinafter "CRUMPLEY") is, and at relevant times mentioned herein, was employed by the CITY as the CITY Manager of the CITY of Albany and has been named as a Defendant in the action brought by the LIONS CLUB OF ALBANY.

11.    PETER MAASS (hereinafter "MAASS") is, and at relevant times mentioned herein, was a member of the City Council of the City of Albany ("hereinafter City Council"), and formerly the Mayor of the City of Albany and has been named as a Defendant in the action brought by the LIONS CLUB OF ALBANY.

12.    ANA ROCHELLE NASON ("NASON") is, and at relevant times mentioned herein, was a member of the City Council of the City of Albany and has been named as a Defendant in the action brought by the LIONS CLUB OF ALBANY.

13.    Counterclaimants are informed and believe that Plaintiff/counter-Defendant THE LIONS CLUB OF ALBANY is a nonprofit organization within the provisions of 26 U.S.C. §501(c).

14.    Counterclaimants are informed and believe that counter-Defendant THE ALBANY

27

1    LIONS CLUB FOUNDATION, INC. (hereinafter "LIONS CLUB FOUNDATION"), is a nonprofit

2    organization within the provisions of 26 U.S.C. §501(c).

3        15.    Counterclaimants are informed and believe that counter-Defendant THE LIONS CLUB

4    INTERNATIONAL (hereinafter "LIONS CLUB INTERNATIONAL") is a nonprofit organization

5    within the provisions of 26 U.S.C. §501(c).

6        16.    The true names and capacities of counter-Defendants named herein as ROES 1 through 30

7    inclusive, are unknown to Counterclaimants at this time, which, therefore sue said counter-Defendants by

8    such fictitious names.  Counterclaimants are informed and believe and thereon allege that each of the

9    counter-Defendants designated herein as a ROE is intentionally, negligently, or in some other manner

10   responsible for the events and happenings referred to, and by their conduct proximately caused damages

11   to counterclaimants as hereinafter alleged.  counterclaimants will seek leave of the Court to amend this

12   Counterclaim to reflect such true names and capacities when the same are ascertained.

13                              **FACTUAL ALLEGATIONS**

14       17.    Counterclaimants are informed and believe that in or about 1971 a large steel cross (Lions

15   Cross) approximately 15 to 20 feet high was erected by THE LIONS CLUB OF ALBANY on property

16   owned by Hubert F. Call and Ruth L. Call (herein after together "the Calls"), which was a 1.1-acre parcel

17   on the east side of Albany Hill.  The Lions Cross is located southeast of the peak of Albany Hill above

18   Taft Street, and faces east towards the Berkeley Hills.  Electrical service to the Lions Cross is available

19   from the utility pole on Taft Street.  Counterclaimants are informed and believe that the Lions Cross is

20   visible from various areas in and outside the CITY.

21       18.    Hubert F. Call (hereinafter "Call") served as the Mayor of the City of Albany from 1968

22   through 1971, and on information and belief as a member of the City Council for the CITY for a period

23   of time to be specified.  Counterclaimants are informed and believe that Call was a member of THE

24   LIONS CLUB OF ALBANY at all times during his tenure as Mayor and City Council member for the

25   CITY.

26       19.    Counterclaimants are informed and believe that in 1972, Interstate General Corporation

27   (IGC) sought to develop a parcel of real property it owned in the CITY and applied to the City Council

28   for a use permit in July 1972.  Counterclaimants further are informed and believe that City Council

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

1    members stated that any pending use permits should be subject to a condition requiring IGC to dedicate

2    land on Albany Hill for use as parks and permanent open space.

3           20.    Counterclaimants are informed and believe that on or about November 13, 1972, the City

4    Council acted on IGC's application by; (1) amending the Albany zoning ordinance to rezone IGC's

5    property from R1HC single family dwellings to R3HC high rise, high-density residential units, (2)

6    granting the use permit to IGC on specified conditions, which included conveyance of IGC's two-acre

7    parcel of real property at the summit of Albany Hill for the sole purpose of being a permanent park and

8    open space for the CITY, and (3) accepting IGC's offer and plan to purchase additional property to be

9    included in the permanent park and open space for the CITY.

10          21.    Counterclaimants are informed and believe that Call was present at the November 13,

11   1972 City Council meeting and voted to rezone IGC's property and to grant the use permit.

12          22.    Counterclaimants are informed and believe that a 1.1-acre parcel owned by the Calls was

13   included in the additional property to be purchased for inclusion in the permanent park and open space

14   for the CITY.

15          23.    Counterclaimants are informed and believe that the CITY's administrator made it clear to

16   IGC that building permits would not be issued until land had been acquired under the IGC plan to acquire

17   additional property for the permanent park and open space for the CITY.

18          24.    Counterclaimants are informed and believe that IGC, through its agent, thereafter

19   negotiated with property owners of real property on Albany Hill, including Call, to arrange purchases in

20   satisfaction of the IGC plan to acquire additional property for the permanent park and open space for the

21   CITY.

22          25.    Counterclaimants are informed and believe that after rejecting a first offer, Call agreed to

23   sell the 1.1-acre parcel to IGC for $258,000.

24          26.    Counterclaimants are informed and believe that at all times during the negotiations with

25   IGC and/or its agent Call knew that IGC was acquiring the parcel for conveyance to the CITY pursuant

26   to the IGC plan to acquire additional property for the permanent park and open space for the CITY.

27          27.    Counterclaimants are informed and believe that in June 1973, IGC's agent presented a

28   written contract to the Calls offering to buy their 1.1-acre parcel for $258,000.

28.    Counterclaimants are informed and believe that the offer to buy the Call property was for title to the parcel "free of liens, encumbrances, easements … and conditions of record … other than exceptions of record" shown in an attached preliminary title report.

29.    Counterclaimants are informed and believe that the Calls deposited into escrow two grant deeds with instructions to deliver both deeds when the escrow holder held for their account the $258,000 purchase amount, minus itemized deductions.  Counterclaimants further are informed and believe that one of the grant deeds was a grant deed conveying the 1.1-acre parcel to Cebert Properties, Inc. (Cebert), the entity IGC had designated as the actual buyer of the parcel from the Calls; the other was a grant deed dated August 17, 1973, conveying to the "Albany Lions Club, Lions International" "an easement" on the subject 1.1-acre parcel "for ingress and egress to maintain the existing cross standing" on the parcel.

30.    Counterclaimants are informed and believe that the Grant Deed granting an easement to THE LIONS CLUB OF ALBANY and THE LIONS CLUB INTERNATIONAL may not have been recorded at the time IGC presented to the Calls the written contract for the purchase of the Call property in June 1973, at the time the Call 1.1-acre parcel was conveyed to Cebert, or at the time Cebert conveyed the parcel to the CITY.

31.    Counterclaimants are informed and believe that because it may not have been timely recorded, the easement granted by the Calls to THE LIONS CLUB OF ALBANY and THE LIONS CLUB INTERNATIONAL was not an "exception of record" to the title of the Call's 1.1-acre parcel at the time of the sale of that property to IGC.

32.    On or about August 21, 1973, the City Council adopted a resolution by which it approved a tentative map of IGC's project.  Counterclaimants are informed and believe that Call voted for this resolution.  The Council also adopted a resolution accepting the Grant Deed from Cebert, and approving the purchase of certain real properties described in the Grant Deed dated August 17, 1973.  On August 22, 1973, then Mayor Lewis M. Howell signed the certification certifying "that interest in in real property conveyed by the deed dated Autust 17, 1983 from Cebert Properties, Inc. to the City of Albany, a municipal corporation, is hereby accepted pursuant to authority conferred by Resolution No. 73-76 of the Albany City Council adopted on August 21, 1973 and Grantee consents to recordation thereof by its duly authorized officer."  A copy of the Grant Deed is attached hereto as Exhibit A and incorporated herein by

30

reference.

33.    Counterclaimants are informed and believe that no members of the City Council, other than Call, knew that the Calls' 1.1-acre parcel was being accepted by the CITY subject to the easement for maintenance of the Lions Cross.

34.    Counterclaimants are informed and believe that on August 24, 1973, escrow closed on the conveyance of the 1.1-acre parcel from Cebert to the CITY.

35.    The Grant Deed granting to THE LIONS CLUB OF ALBANY and THE LIONS CLUB INTERNATIONAL an easement for ingress and egress to maintain the Lions Cross was not recorded until August 24, 1973.

36.    IGC's purchase of real property from the Calls and others and its conveyance of the property to the CITY were part of a single multi-party agreement.  As part of the transaction, Call sold property to the CITY using IGC and its agent Cebert as a conduit.

37.    The California Supreme Court in *Thomson v. Call*, 38 Cal.3d 633, 646 (1985) found that Call's sale of the property to the CITY violated California Government Code §1090 and was void.  The California Supreme Court found that the appropriate remedy was retention by the CITY of the 1.1 acre parcel of land sold by the Calls and a forfeiture of the $258,000 plus interest by the Calls to the CITY. The California Supreme Court noted that "Obviously, the easement would reduce the fair market value of the property considerably, perhaps rendering it unsuitable for development at the best and highest uses allowed under R3HC zoning."  (*Thomson,* 38 Cal.3d at 651.)

38.    Counterclaimants are informed and believe that if members, agents or representatives of the City of Albany are found to have acquiesced, accepted or agreed to counter-Defendants' claimed easement, such acts are and were void, voidable, invalid and unenforceable ultra vires acts.

39.    On or about November 12, 2015, CITY Manager CRUMPLEY wrote to THE LIONS CLUB OF ALBANY and advised it that the CITY was informed about an upcoming protest about the safety of the Lions Cross, and that the CITY would inspect the conditions.  Ms. CRUMPLEY requested communication to discuss the condition of the Cross.

40.    On or about November 12, 2015, Fire Chief CALKINS inspected the Lions Cross and found live power lines that lacked insulation secured to a live growing tree, which was a potential fire

31

1   hazard and a safety concern.  Chief CALKINS advised THE LIONS CLUB OF ALBANY about the

2   hazardous condition of the power lines in the trees and explained that applicable codes required the

3   electrical lines to be reconfigured.  THE LIONS CLUB OFALBANY members responded that they

4   would inquire about repairs.

5        41.    On or about November 13, 2015, an individual claiming to be associated with a group

6   called East Bay Atheists issued an open letter to the City Council complaining about the Lions Cross on

7   Albany Hill as a religious symbol in the CITY park, and because of the safety issues and fire hazard

8   caused by the Lions Cross's unstable foundation and electrical wiring in close proximity to trees.

9        42.    The CITY received complaints from other individuals and groups complaining about the

10  religious symbolism of the Lions Cross on public park property and requesting the removal of the Lions

11  Cross.

12       43.    On or about November 24, 2015, the CITY's Community Development Director BOND

13  wrote to THE LIONS CLUB OF ALBANY advising it that the routing of the electrical service line to the

14  Lions Cross though the trees was a hazardous situation and to request THE LIONS CLUB OF ALBANY

15  to contact PG&E to disconnect the electrical service line and to confirm that it made the necessary

16  arrangements to disconnect the electrical line by the end of December 2015.

17       44.    On or about December 7, 2015, the CITY wrote to THE LIONS CLUB OF ALBANY to

18  provide additional information about correcting the electrical power lines to the Lions Cross, outlining a

19  two-step process for THE LIONS CLUB OF ALBANY to seek approval to reroute the electrical service

20  line.

21       45.    On or about December 10, 2015, THE LIONS CLUB OF ALBANY responded by letter

22  objecting to the disconnection request, stating that it would cooperate in reconfiguring the electrical line

23  to the Lions Cross, but "fight" to preserve the Lions Cross on park property and the easement to maintain

24  the Lions Cross, and it threatened "immediate legal action" if electrical service to the Lions Cross was

25  disrupted.

26       46.    Thereafter, the CITY wrote to THE LIONS CLUB INTERNATIONAL explaining the

27  dispute with THE LIONS CLUB OF ALBANY and the numerous complaints about the religious

28  symbolism of the Lions Cross on public park land.  The CITY requested THE LIONS CLUB

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

INTERNATIONAL to assist in resolving the situation without resorting to the courts.

47.    On or about February 1, 2016, the City Council met and considered the issue of the Lions Cross on the Albany Hill park property. The City Council created a subcommittee consisting of MAASS and NASON to work with THE LIONS CLUB OF ALBANY to resolve the issue.

48.    On or about February 4, 2016, the CITY wrote to THE LIONS CLUB OF ALBANY seeking a resolution regarding the Lions Cross located on public park property, including the disconnection of electrical service to the Lions Cross and the removal of the Lions Cross from the public property, and possible replacement with non-sectarian memorials.

49.    On or about August 20, 2016 Fire Chief CALKINS contacted PG&E advising that the CITY sought to disconnect the power to the Lions Cross, and requesting information about the process.

50.    On or about August 24, 2016, CALKINS and BOND wrote to THE LIONS CLUB OF ALBANY regarding the fire and life safety hazard created by the Lions Cross on Albany Hill, and notifying Plaintiff that the CITY was working with PG&E to immediately disconnect the power lines to the Lions Cross to remedy the fire hazard it presented.

51.    On or about August 31, 2016, CALKINS contacted PG&E to inquire as to whether there was any update about the timeline or process to disconnect electrical service to the Lions Cross, and stating that removal within the next day or so was desired because it was a critical hazard.

52.    On or about September 1, 2016, THE LIONS CLUB OF ALBANY, through its member and board member Robert E. Nichols, wrote to the CITY advising that THE LIONS CLUB OF ALBANY would not correct the problems with the electrical wiring to the Lions Cross because the problem "either does not exist or has not been clearly articulated," and it did not believe there was any legal basis for the CITY's demand to disconnect the utility service to the Lions Cross.

53.    On or about September 1, 2016, the CITY contacted PG&E seeking an emergency disconnect of the electrical power to the Lions Cross because of the potential for wildfires.

54.    On or about September 1, 2016, pursuant to PG&E's request, the CITY sent a letter requesting emergency disconnect of the electrical line to the Lions Cross because of the fire hazard and life safety hazard it posed.

55.    On or about September 7, 2016, THE LIONS CLUB OF ALBANY wrote to

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

1  CRUMPLEY claiming no legal basis existed for disconnecting the electrical service to the Lions Cross,

2  and that the CITY had taken a property right, "to wit, the electrical easement for the maintenance and use

3  of the Lions Cross belonging to the Albany Lions Club." THE LIONS CLUB OF ALBANY threatened

4  legal action and demanded immediate reestablishment of electrical service by September 9, 2016.

5          56.     On or about September 13, 2016, THE LIONS CLUB OF ALBANY wrote to CALKINS

6  and BOND advising that utility connection had not been restored by the September 9 demanded deadline

7          57.     On or about September 23, 2016, THE LIONS CLUB OF ALBANY wrote to the CITY

8  requesting the preservation of documents and records in anticipation of litigation.

9          58.     On or about September 14, 2016 and September 25, 2016, the CITY continued to receive

10  complaints from citizens regarding the existence of the Lions Cross on public lands.

11          59.     On or about October 3, 2016, the City Council met in closed session which session was

12  confidential.

13          60.     On or about October 19, 2016, the CITY wrote to THE LIONS CLUB OF ALBANY in

14  response to its demands to have electrical service restored to the Lions Cross.  The CITY again explained

15  the fire hazard and life safety hazard to the community caused by the power line configuration, and that

16  the CITY was forced to directly contact PG&E to request disconnection of electrical service because

17  THE LIONS CLUB OF ALBANY failed to do so and disputed responsibility for the power line.

18          61.     On or about November 17, 2016, THE LIONS CLUB OF ALBANY presented a claim to

19  the CITY, claiming that the CITY took, damaged, obstructed and interfered with an easement.

20          62.     On or about December 14, 2016, the CITY sent notice to PG&E authorizing it to restore

21  electrical service to the Lions Cross based on PG&E's representation that it was responsible for

22  addressing safety issues related to the electrical service line.

23          63.     On or about December 14, 2016, the CITY issued an open letter to Albany Residents

24  explaining that PG&E and THE LIONS CLUB OF ALBANY had informed the CITY that the Lions

25  Cross would be re-energized.  The CITY acknowledged that had heard from many members of the

26  community expressing concerns about the presence of the Lions Cross in the public park, and had

27  received many requests that the Cross be moved from public property, and the CITY expressed the City

28  Council's belief that the Lions Cross in the public park is inappropriate and "at odds with the inclusive

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

values the City encourages."

64.     Counterclaimants repeatedly have advised counter-Defendants about the many complaints from the public about the religious symbolism of the Lions Cross on public park land and requested counter-Defendants remove the Lions Cross.  Counter-defendants have refused to remove the Lions Cross despite the violation of U.S. and California Constitutional provisions and the offense to the public.

65.     Counterclaimants are informed and believe that counter-Defendants' maintenance of the Lions Cross and refusal to remove the Lions Cross from public property is contrary to counter-defendants' polices, mission, bylaws and authority and are ultra vires acts.

66.     The CITY is informed and believes that counter-Defendants have, and continue to, illuminate the Lions Cross during Christian holidays and other occasions.

67.     THE LIONS CLUB OF ALBANY filed this action against Defendants and Counterclaimants herein on or about September 12, 2017.

68.     As a result of counter-Defendants' refusal to relocate the Lions Cross from the CITY's public property, counterclaimants have and will sustain damages as set forth herein.

**FIRST CAUSE OF ACTION**

**(Quiet Title – Cal. Code of Civil Procedure Section760.010 *et seq.* -Against all Counter-Defendants and ROES 1-10)**

69.     Counterclaimants incorporate by reference herein each and every response in the Answer to every paragraph of the complaint, and each and every allegation of this Counterclaim, inclusive, as if fully set forth herein.

70.     The CITY is the owner of real property known as Overlook Park on Albany Hill in the City of Albany, California, which includes, but is not limited to, real property described as Lots 1 through 18, in Block 8, as shown on a plat of Cerrito Hill, Alameda County, California, filed in the Office of the Recorder of said County on May 13, 1909, in Map Book 24, page 70, excepting therefrom that portion thereof conveyed to the City of Albany, a municipal corporation, by deed dated August 29, 1960, Recorded January 4, 1961, under Recorder's Series No. AS/637, Alameda County Records, (hereinafter "the subject property".)  Said property was conveyed to the CITY by Grant Deed dated August 17, 1973.  A copy of the Grant Deed is attached hereto as Exhibit A and incorporated herein by

35

reference.

71.     Pursuant to an easement Grant Deed dated August 17, 1973, THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, LIONS CLUB FOUNDATION and ROES 1-10, claim to hold an easement for ingress and egress to maintain the existing Lions Cross standing on a portion of the subject property, described as Lots 1 through 18, in Block 8, as shown on a plat of Cerrito Hill, Alameda County, California, filed in the Office of the Recorder of said County on May 13, 1909, in Map Book 24, page 70 excepting therefrom that portion thereof conveyed to the City of Albany, a municipal corporation, by deed dated August 29, 1960, Recorded January 4, 1961, under Recorder's Series No. AS/637, Alameda County Records  (hereinafter "the easement"). A copy of the easement Grant Deed is attached hereto as Exhibit B and incorporated herein by reference.

72.     The CITY acquired the subject property pursuant to a multi-party deal as set forth in the statement of facts above and incorporated herein by reference, involving purchase of the property by IGC from Call, and conveyance of the property by IGC to the CITY for use as a public park and open space for the CITY.

73.     Counterclaimants are informed and believe that in June 1973 IGC presented to the Calls a written contract to purchase the subject property from them for $258,000.  Counterclaimants further are informed and believe that IGC's offer and the contract for the purchase of the subject property was for title to the parcel "free of liens, encumbrances, easements … and conditions of record … other than exceptions of record" shown in an attached preliminary title report.

74.     Counterclaimants are informed and believe that because of Call's position as owner of the subject property, a member of the Albany City Council and a member of THE LIONS CLUB OF ALBANY, Call knew the subject property was being purchased by IGC for conveyance to the CITY for use as a public park and open space.

75.     Counterclaimants are informed and believe that the Calls deposited into escrow two grant deeds with instructions to deliver both deeds when the escrow holder held for their account the $258,000 purchase amount, minus itemized deductions.  Counterclaimants further are informed and believe that one of the grant deeds was a grant deed conveying the 1.1-acre parcel to Cebert Properties, Inc. (Cebert), the entity IGC had designated as the actual buyer of the parcel from the Calls; the other was a grant deed

36

dated August 17, 1973, conveying to the "Albany Lions Club, Lions International" "an easement" on the subject 1.1-acre parcel "for ingress and egress to maintain the existing cross standing" on the parcel."). A copy of the easement Grant Deed is attached hereto as Exhibit B and incorporated herein by reference.

76.     Counterclaimants are informed and believe that the Grant Deed granting an easement to THE LIONS CLUB OF ALBANY and THE LIONS CLUB INTERNATIONAL may not have been recorded at the time the Call 1.1-acre parcel, the subject property, was conveyed to Cebert, or at the time Cebert conveyed the subject property to the CITY.

77.     The easement granted by the Calls to THE LIONS CLUB OF ALBANY and THE LIONS CLUB INTERNATIONAL was not an "exception of record" to the title of the subject property.

78.     On or about August 21, 1973, the City Council adopted a resolution accepting the Grant Deed from Cebert, and approving the purchase of certain real properties described in the Grant Deed dated August 17, 1973, including the subject property.  On August 22, 1973, then Mayor Lewis M. Howell certified the subject property was accepted pursuant to the City Council's resolution and authorized recordation of the Deed transfer.

79.     Counterclaimants are informed and believe that no members of the City Council, other than Call, knew that the subject property was being accepted by the CITY subject to an easement for maintenance of the Lions Cross.

80.     Counterclaimants are informed and believe that on August 24, 1973, escrow closed on the conveyance of the subject property to the CITY.

81.     The Grant Deed granting to THE LIONS CLUB OF ALBANY and THE LIONS CLUB INTERNATIONAL an easement for ingress and egress to maintain the Lions Cross was not recorded until August 24, 1973.

82.     Counterclaimants are informed and believe that the subject property was conveyed to the CITY with a clear title, free and clear of the purported easement granted to THE LIONS CLUB OF ALBANY and THE LIONS CLUB INTERNATIONAL.

83.     Counterclaimants are informed and believe that the easement was not created and/or granted to THE LIONS CLUB OF ALBANY and THE LIONS CLUB INTERNATIONAL until after the Calls completed the sale of the subject property.  The Calls thus could not grant a valid easement to the

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

subject property they no longer owned.

84. Alternatively, Counterclaimants are informed and believe that the Calls purposefully, intentionally, willfully and wrongfully concealed the grant of the easement to THE LIONS CLUB OF ALBANY and THE LIONS CLUB INTERNATIONAL until the conveyance of the subject property to the CITY was complete and escrow closed.

85. Counterclaimants are informed and believe that the easement was granted for the improper, illegal and unconstitutional purpose of displaying a religious symbol on public property, that the Calls intended such improper, illegal and unconstitutional purpose in creating and granting the easement, and that THE LIONS CLUB OF ALBANY and THE LIONS CLUB INTERNATIONAL intended such improper, illegal and unconstitutional purpose in accepting the easement. The easement thus is invalid under Civil Code Sections 1598 and 1066.

86. THE LIONS CLUB OF ALBANY, LIONS CLUB FOUNDATION and THE LIONS CLUB INTERNATIONAL and ROES 1-10 claim an easement for ingress and egress to maintain the Lions Cross standing on a portion of the subject property that is adverse to the CITY herein and said Lions Cross is unconstitutional under both federal and state Constitutions.

87. Counterclaimants are informed and believe that counter-Defendants' maintenance of the Lions Cross and refusal to remove the Lions Cross from public property is contrary to counter-Defendants' polices, mission, bylaws and authority and are ultra vires acts.

88. Counterclaimants are informed and believe that if members, agents or representatives of the City of Albany are found to have acquiesced, accepted or agreed to counter Defendant's claimed easement, such acts are and were void, voidable, invalid and unenforceable ultra vires acts.

89. The easement claims by THE LIONS CLUB OF ALBANY, LIONS CLUB FOUNDATION and THE LIONS CLUB INTERNATIONAL and Roes 1-10 are without any right or validity whatsoever, and counter-Defendants have no legal or equitable right, claim or interest in the subject property.

90. Counterclaimants therefore seek a declaration that the title to the subject property is vested entirely in the CITY alone, unburdened by any easement in favor of THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION, and ROES 1-

38

10, and that counter-Defendants, and each of them, be declared to have no estate, right, title, interest or easement in the subject property, and that counter-Defendants, and each of them, be forever enjoined from asserting any estate, right, title, interest or easement in the subject property adverse to the CITY herein.

91.     WHEREFORE, counterclaimants pray judgment against counter-Defendants, and each of them, to transfer the easement Grant to the CITY herein;

92.     For a declaration and determination that the CITY is the rightful holder of title to the entire subject property, unburdened by THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION or ROES 1-10's purported easement and that counter-Defendants be declared to have no estate, right, title, interest or easement in the subject property.

93.     For a judgment forever enjoining THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION and ROES 1-10 from claiming any estate, right, title, interest or easement in the subject property.

## SECOND CAUSE OF ACTION

### (Trespass - Against all Counter-Defendants and ROES 1-10)

94.     Counterclaimants incorporate by reference herein each and every response in the Answer to every paragraph of the complaint, and each and every allegation of this Counterclaim, inclusive, as if fully set forth herein.

95.     The CITY owns the subject property and has owned the subject property since escrow closed on August 24, 1973.

96.     Counter-Defendants THE LIONS CLUB OF ALBANY, LIONS CLUB INTERNATIONAL and LIONS CLUB FOUNDATION and ROES 1-10 assert that they hold the easement for ingress and egress to maintain the Lions Cross standing on a portion of the CITY's subject property. The easement granted to counter-Defendants was and is invalid, void, voidable and unenforceable, including but not limited to, the fact that said Lions Cross is unconstitutional under both federal and state Constitutions.

97.     THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL and THE

39

1    ALBANY LIONS CLUB FOUNDATION and ROES 1-10 claim to own the large Lions Cross affixed to

2    the CITY's subject property, which is public property used as a public park. The CITY disputes that

3    counter-defendants own the Lions Cross.

4          98.    The CITY repeatedly has advised THE LIONS CLUB OF ALBANY, THE LIONS CLUB

5    INTERNATIONAL and THE ALBANY LIONS CLUB FOUNDATION that the Lions Cross located on

6    the public property is unconstitutional and violates the Establishment Clause of the First Amendment of

7    the U.S. Constitution and the No Preference Clause of the California Constitution, Article 1, Section 4.

8          99.    Since at least 2015, the CITY has received numerous complaints from citizens regarding

9    the location of the Lions Cross on public lands and requesting removal of the Lions Cross from the CITY

10   park.

11         100.   The CITY does not give permission for THE LIONS CLUB OF ALBANY, THE LIONS

12   CLUB INTERNATIONAL and THE ALBANY LIONS CLUB FOUNDATION and ROES 1-10 to

13   maintain the Lions Cross on the CITY's public property and repeatedly has demanded that counter-

14   Defendants disconnect power to the Lions Cross, stop lighting the Lions Cross and remove the Lions

15   Cross from Overlook Park on Albany Hill.

16         101.   THE LIONS CLUB OF ALBANY, LIONS CLUB INTERNATIONAL and LIONS

17   CLUB FOUNDATION and ROES 1-10 have refused to disconnect the power or remove the Lions Cross

18   and continue to light the Lions Cross.

19         102.   Counterclaimants have and will be harmed by the continued existence, maintenance  and

20   lighting of the Lions Cross on public park lands because counterclaimants/Defendants have been forced

21   to incur attorney fees and costs and considerable expenses attempting to secure counter-Defendants'

22   compliance with state and federal laws and Constitutions, defending against THE LIONS CLUB OF

23   ALBANY's litigation seeking to maintain the Lions Cross in its current position and in defense costs to

24   defend the claims against counterclaimants  that have been threatened to be brought by citizens and other

25   groups if the Lions Cross is not removed from the public property.  Counter-Defendants' conduct was

26   and is a substantial factor in causing harm to counterclaimants.

27         103.   Counterclaimants have and continue to suffer injury, damage, loss or harm as a result of

28   counter-Defendants' trespass as hereinafter set forth.

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

1

**THIRD CAUSE OF ACTION**

2

**(Nuisance - Against all Counter-Defendants and ROES 1-10)**

3      104.   Counterclaimants incorporate by reference herein each and every response to every

4   paragraph of the complaint, and each and every allegation of this Counterclaim, inclusive, as if fully set

5   forth herein.

6      105.   THE LIONS CLUB OF ALBANY, LIONS CLUB INTERNATIONAL and LIONS

7   CLUB FOUNDATION and ROES 1-10's placement, refusal to remove and continued maintenance and

8   lighting of the Lions Cross, a recognized religious symbol, on the CITY's public park land creates a

9   condition that is offensive to the senses of  the diverse members of the general population, conveys the

10  appearance that the CITY gives preference to Christian religions and symbols, leaves some individuals

11  feeling intimidated or unwelcome, and obstructs the free use of the public park land unburdened by the

12  appearance of governmental endorsement of a particular religious ideology.

13     106.   The configuration of the electrical wiring to the Lions Cross through tree branches was a

14  potential fire hazard.

15     107.   The location of the Lions Cross on public property, the lighting of the Lions Cross and the

16  potential fire hazard affects a substantial number of people at the same time.  Ordinary persons would be

17  and are reasonably disturbed by the Lions Cross's location on public park property especially when its

18  illuminated, and numerous individual citizens and organizations have expressed offense and opposition

19  to the Lions Cross on the public park property and requested its removal.

20     108.   The offense to a substantial portion of the population and the continued existence of the

21  Lions Cross on public property in violation of the U.S. Constitution and California Constitution clearly

22  outweighs any social utility of the Lions Cross existing on public property.

23     109.   Counterclaimants do not consent to THE LIONS CLUB OF ALBANY, THE LIONS

24  CLUB INTERNATIONAL and THE ALBANY LIONS CLUB FOUNDATION and ROES 1-10's

25  continued existence and the maintenance and illumination of the Lions Cross on the CITY's public

26  property.

27     110.   Counterclaimants have suffered and will continue to suffer harm that is different from the

28  type of harm suffered by the general public in that counterclaimants/Defendants have incurred attorney

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA

1   fees and costs and considerable expenses attempting to secure counter-Defendants' compliance with state

2   and federal laws, defending against THE LIONS CLUB OF ALBANY's litigation seeking to maintain

3   the Lions Cross in its current location, and in defense costs to defend the claims against counterclaimants

4   that have been threatened to be brought by citizens and other groups if the Lions Cross is not removed

5   from the public property.  Counter-Defendants' conduct was and is a substantial factor in causing harm to

6   counterclaimants.

7        111.    Counterclaimants have and continue to suffer injury, damage, loss or harm as a result of

8   counter-Defendants' trespass and nuisance as hereinafter set forth.

9                                **FOURTH CAUSE OF ACTION**

10   **(Declaratory Relief – Violation Of First Amendment Establishment Clause and California**
     **Constitution, Article 1, Sec. 4, No Preference Clause**

11         **Against All Counter-Defendants and Roes 1 through 10)**

12        112.    Counterclaimants incorporate by reference herein each and every response to every

13   paragraph of the complaint, and each and every allegation of this Counterclaim, inclusive, as if fully set

14   forth herein.

15        113.    Counterclaimants are informed and believe THE LIONS CLUB OF ALBANY, THE

16   LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION or ROES 1-10

17   claim that the Lions Cross on Albany Hill was constructed, erected, installed, maintained, and

18   illuminated by THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE

19   ALBANY LIONS CLUB FOUNDATION or ROES 1-10. The CITY disputes that counter-defendants

20   own the Lions Cross.

21        114.    The Lions Cross is situated in Overlook Park, on public property owned entirely by the

22   CITY.

23        115.    The Lions Cross is a recognized religious symbol.  (*Okrand v. City of Los Angeles,* 207

24   Cal.App.3d 566, 579, 580 (1989); *Carpenter v. City and County of San Francisco,* 93 F.3d 627, 630 (9th

25   Cir. 1996).)

26        116.    The existence of the Lions Cross on public CITY property violates the Establishment

27   Clause of the First Amendment to the U.S. Constitution, and the No Preference Clause of the California

28   Constitution, Article 1, Section 4.

117.     Counter-Defendants' refusal to remove and opposition to removal of the Lions Cross from the CITY's public property subjects the Counterclaims to claims for violation of the Establishment Clause and the No Preference Clause.

118.     Counterclaimants thus seek a declaration from the Court that the Lions Cross on Albany Hill violates the Establishment Clause of the First Amendment of the U.S. Constitution and the No Preference Clause of the California Constitution, Article 1, Section 4.

119.     Counterclaimants further seek a declaration from the Court that the Lions Cross must be removed from the CITY's property, and that counter-Defendants, and each of them, are/is responsible for removing the Lions Cross at counter-Defendants' expense if counter-Defendants are determined to be the owners of the Lions Cross.

## **PRAYER FOR RELIEF**

WHEREFORE, counterclaimants respectfully request this Court:

1.     Issue a declaratory judgment that the easement for ingress and egress to maintain the existing Lions Cross standing on a portion of the subject property is invalid, and the Grant Deed granting the easement from Call to the ALBANY LIONS CLUB and LIONS INTERNATIONAL is void;

2.     Issue a declaratory judgment that the title to the subject property is vested entirely in the CITY alone, unburdened by any easement in favor of THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION or ROES 1-10, and that THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION, ROES 1-10, and each of them, have no estate, right, title, interest or easement in the subject property, and that THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION, ROES 1-10, and each of them, are forever enjoined from asserting any estate, right, title, interest or easement in the subject property adverse to the CITY herein.

3.     Issue a declaratory judgment against counter-Defendants THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL and THE ALBANY LIONS CLUB FOUNDATION, ROES 1-10, and each of them, to transfer the easement grant to the CITY herein;

4.     Issue a declaratory judgment that the CITY is the rightful holder of title to the entire

43

subject property, unburdened by THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION and ROES 1-10's purported easement and that THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION and ROES 1-10 have no estate, right, title, interest or easement in the subject property;

5.      Issue a declaratory judgment forever enjoining THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION and ROES 1-10 from claiming any estate, right, title, interest or easement in the subject property and the Lions Cross;

6.      Issue a declaratory judgment finding the Lions Cross on the CITY's public property is unconstitutional in violation of the U.S. Constitution and California Constitution;

7.      Issue a mandatory injunction ordering THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION and ROES 1-10 to immediately remove the Lions Cross from the CITY's property, and at the sole expense of THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION and/or ROES 1-10 in the event that counter-Defendants are determined to own the Lions Cross; or, in the alternative, a prohibitory injunction ordering the THE LIONS CLUB OF ALBANY, THE LIONS CLUB INTERNATIONAL, THE ALBANY LIONS CLUB FOUNDATION and ROES 1-10 to refrain from interfering in any way with the removal of the Lion's Cross from the CITY's property, in the event that the CITY is determined to own the Lions Cross.

8.      Award counterclaimants their costs, expenses and reasonable attorneys' fees; and

9.      Award such other relief as this Court may deem just and proper.

///
///
///
///
///
///
///

Dated:  September 20, 2018                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL


By: _____ */s/ Gregory M. Fox*_____
     Gregory M. Fox
     Attorneys for Defendants/Counterclaimants
     THE CITY OF ALBANY, LANCE CALKINS,
     JEFF BOND, PENELOPE LEACH CRUMPLEY,
     PETER MAASS and ANA ROCHELLE NASON


Dated:  September 20, 2018                    LAW OFFICES OF CRAIG LABADIE


By: _____ */s/ Craig Labadie*_____
     Craig Labadie
     Attorneys for Defendants/Counterclaimants
     THE CITY OF ALBANY, LANCE CALKINS,
     JEFF BOND, PENELOPE LEACH CRUMPLEY,
     PETER MAASS and ANA ROCHELLE NASON

DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM
*Lion's Club v City of Albany, et al.* U.S. District Court Case No. 3:17-cv-05236-WHA